## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

### MARTINSBURG DIVISION

**HOMELAND TRAINING CENTER, LLC,**
a Tennessee Limited Liability Company,

      **Plaintiff,**

v.

                                    **Civil Action No. 3:07-cv-160**
                                      **Judge Bailey**

**SUMMIT POINT AUTOMOTIVE RESEARCH
CENTER, a West Virginia Limited Liability
Company, individually and in its capacity as trustee
of the WILLIAM SCOTT INTER VIVOS TRUST**

      **Defendant.**

### ANSWER AND COUNTERCLAIM

COME NOW the Defendants, Summit Point Automotive Research Center, individually

and in its capacity as trustee of the William Scott Inter Vivos Trust ("SPARC"), by counsel, and

hereby answer the Plaintiff Homeland Training Center, LLC's ("HTC") Complaint.

### First Defense

HTC's Complaint must be dismissed because it fails to state a claim for which relief can

be granted.

### Second Defense

HTC, and/or its predecessor in interest, Homeland Security Corporation, ("HSC"),

breached the lease that is the subject of this dispute.  SPARC did not breach the lease.

## Third Defense

HTC was notified orally and in writing of the existence and recording of the merger plat which is a final plat for purposes of the lease. HTC's failure to appropriately respond to this and to other conditions in the lease constitutes breach of the lease.

## Fourth Defense

HTC's claims are or may be barred by accord and satisfaction, payment, the doctrine of unclean hands, waiver, estoppel, failure of performance, failure of consideration, assumption of risk, fraud, impossibility of performance, impossibility under the law and laches.

## Fifth Defense

SPARC reserves the right to assert all affirmative defenses should such defenses become known to it as this suit develops.

## Sixth Defense

Any allegations made by HTC against SPARC not specifically admitted in this Answer are hereby denied.

## Seventh Defense

HTC's fault equaled or exceeded the fault of SPARC and thus HTC's claims are barred by the doctrines of contributory and comparative negligence.

## Eighth Defense

HTC has failed to mitigate its damages.

## Ninth Defense

HTC has failed to join HSC, a necessary party, to this suit.

## Tenth Defense

HTC's request for punitive damages is improper under applicable law and the United

States and West Virginia Constitutions.

## Eleventh Defense

SPARC respectfully asks this Honorable Court to reconsider and dissolve its previously

entered injunction.

## Twelfth Defense

HTC has failed to act within a reasonable time under the terms of the lease.

## Thirteenth Defense

The terms in the lease agreement were unreasonable as drafted by the Plaintiff and the

agreement itself is illusory.

## Fourteenth Defense

Neither HSC nor HTC has given sufficient consideration to support the lease agreement.

## Fifteenth Defense

HTC has suffered no damages and thus is not entitled to any award against SPARC.

## Sixteenth Defense

SPARC answers the allegations contained in the numbered paragraphs of HTC's

Complaint as follows:

1. SPARC is without knowledge or information sufficient to form a belief as to the truth

of the allegations contained in numbered paragraph 1 of HTC's Complaint.

2. SPARC admits that it is a West Virginia Limited Liability Company and admits that

some of its members are citizens of the State of West Virginia and/or Virginia, and affirmatively

states that some of its members are citizens of Georgia and New York. To the extent that

numbered paragraph 2 of HTC's Complaint so states it is admitted; to the extent that it states

otherwise, it is denied.

3. SPARC admits that the William Scott Inter Vivos Trust ("the Trust") is a trust created

and existing under the laws of the State of West Virginia. SPARC admits that it is the trustee of

said Trust. SPARC admits that the trustees are citizens of the States of West Virginia and/or

Virginia.  To the extent that numbered paragraph 3 of HTC's Complaint so states it is admitted;
to the extent that it states otherwise, it is denied.

4. SPARC admits the allegations contained in numbered paragraph 4 of HTC's
Complaint.

5. SPARC admits the allegations contained in numbered paragraph 5 of HTC's
Complaint.

6. SPARC denies the allegations contained in numbered paragraph 6 of HTC's
Complaint.

7. SPARC admits that it operates facilities for training purposes in or near Summit Point,
Jefferson County, West Virginia.  To the extent that numbered paragraph 7 of HTC's Complaint
so states, it is admitted; to the extent that it states otherwise, SPARC is without knowledge or
information sufficient to form a belief as to the truth of the allegations contained therein.

8. SPARC admits that it operates facilities for training purposes in or near Summit Point,
Jefferson County, West Virginia.  To the extent that numbered paragraph 8 of HTC's Complaint
so states, it is admitted; to the extent that it states otherwise, SPARC is without knowledge or
information sufficient to form a belief as to the truth of the allegations contained therein.

9. SPARC admits that DSS is constructing a firing range for training purposes in or near Summit Point, Jefferson County, West Virginia.   To the extent that numbered paragraph 9 of HTC's Complaint so states, it is admitted; to the extent that it states otherwise, SPARC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

10. SPARC denies the allegations contained numbered paragraph 10 of HTC's Complaint.

11. SPARC admits that it entered into a lease with HSC for real property owned by SPARC and answers that the lease and the law governing the lease speak for themselves. To the extent that numbered paragraph 11 of HTC's Complaint so states, it is admitted; to the extent that it states otherwise, it is denied. SPARC denies that it breached or violated the lease in any manner and submits that, in fact, HSC and HTC breached and violated the lease.

12.   SPARC admits that it entered into a lease with HSC for real property owned by SPARC and answers that the lease and the law governing the lease speak for themselves. To the extent that numbered paragraph 12 of HTC's Complaint so states, it is admitted; to the extent that it states otherwise, it is denied. SPARC denies that it breached or violated the lease in any manner and submits that, in fact, HSC and HTC breached and violated the lease.

13.   SPARC admits that it entered into a lease with HSC for real property owned by

SPARC and answers that the lease and the law governing the lease speak for themselves. To the extent that numbered paragraph 13 of HTC's Complaint so states, it is admitted; to the extent that it states otherwise, it is denied. SPARC denies that it breached or violated the lease in any manner and submits that, in fact, HSC and HTC breached and violated the lease.

14.   SPARC admits that it entered into a lease with HSC for real property owned by SPARC and submits that the lease and the law governing the lease speak for themselves. To the extent that numbered paragraph 14 of HTC's Complaint so states, it is admitted; to the extent that it states otherwise, it is denied. SPARC denies that it breached or violated the lease in any manner and submits that, in fact, HSC and HTC breached and violated the lease.

15.   SPARC admits that it entered into a lease with HSC for real property owned by SPARC and submits that the lease and the law governing the lease speak for themselves. To the extent that numbered paragraph 15 of HTC's Complaint so states, it is admitted; to the extent that it states otherwise, it is denied. SPARC denies that it breached or violated the lease in any manner and submits that, in fact, HSC and HTC breached and violated the lease.

16.   SPARC admits that it entered into a lease with HSC for real property owned by SPARC and submits that the lease and the law governing the lease speak for themselves. To the extent that numbered paragraph 16 of HTC's Complaint so states, it is admitted; to the extent that it states otherwise, it is denied. SPARC denies that it breached or violated the lease in any manner and submits that, in fact, HSC and HTC breached and violated the lease.

17. SPARC admits that it entered into a lease with HSC for real property owned by SPARC and submits that the lease and the law governing the lease speak for themselves. To the extent that numbered paragraph 17 of HTC's Complaint so states, it is admitted; to the extent that it states otherwise, it is denied. SPARC denies that it breached or violated the lease in any manner and submits that, in fact, HSC and HTC breached and violated the lease.

18. SPARC admits that it entered into a lease with HSC for real property owned by SPARC and submits that the lease and the law governing the lease speak for themselves. To the extent that numbered paragraph 18 of HTC's Complaint so states, it is admitted; to the extent that it states otherwise, it is denied. SPARC denies that it breached or violated the lease in any manner and submits that, in fact, HSC and HTC breached and violated the lease.

19. SPARC admits that it entered into a referral agreement with HSC and submits that the referral agreement and the law governing it speak for themselves. To the extent that numbered paragraph 19 of HTC's Complaint so states, it is admitted; to the extent that it states otherwise, it is denied.

20. SPARC admits that HSC assigned its rights under the lease and referral agreement to HTC. However, SPARC denies that such assignment was proper under the lease. To the extent that numbered paragraph 20 of HTC's Complaint so states, it is admitted; to the extent that it states otherwise, it is denied.

21. SPARC admits that it entered into a lease with HSC for real property owned by SPARC and submits that the lease and the law governing the lease speak for themselves. To the extent that numbered paragraph 21 of HTC's Complaint so states, it is admitted; to the extent that it states otherwise, it is denied. SPARC denies that it breached or violated the lease in any manner and submits that, in fact, HSC and HTC breached and violated the lease. SPARC admits that it brought HTC's dilatoriness to its attention through communication by counsel.

22. SPARC admits that it entered into a lease with HSC for real property owned by SPARC and submits that the lease and the law governing the lease speak for themselves. To the extent that numbered paragraph 22 of HTC's Complaint so states, it is admitted; to the extent that it states otherwise, it is denied. SPARC denies that it breached or violated the lease in any manner and submits that, in fact, HTC breached and violated the lease. SPARC submits that any proposed amendments to the lease were for the benefit of HSC or HTC which had admitted their reimbursement liability to SPARC for a road that SPARC had built.

23. SPARC admits that it informed HTC that HTC had seemingly elected to terminate the lease. To the extent that numbered paragraph 23 of HTC's Complaint so states, it is admitted; to the extent that it states otherwise, it is denied.

24. SPARC admits that it recorded a merger plat. SPARC asserts that such merger plat suffices for a final plat under the lease and that SPARC sufficiently notified HTC of the existence and recording of the merger plat. To the extent that numbered paragraph 24 of HTC's

9

Complaint so states, it is admitted; to the extent that it states otherwise, it is denied.

25.  SPARC denies the allegations in numbered paragraph 25 of HTC's Complaint.

26.  SPARC denies the allegations in numbered paragraph 26 of HTC's Complaint.

27.  SPARC denies the allegations in numbered paragraph 27 of HTC's Complaint.

28.  In response to numbered paragraph 28 of HTC's Complaint, SPARC reasserts the responses made to HTC's numbered paragraphs 1-27 above as if fully set forth here.

29.  SPARC denies the allegations in numbered paragraph 29 of HTC's Complaint.

30.  SPARC denies the allegations in numbered paragraph 30 of HTC's Complaint.

31.  SPARC denies the allegations in numbered paragraph 31 of HTC's Complaint.

32.  SPARC denies the allegations in numbered paragraph 32 of HTC's Complaint.

33.  SPARC denies the allegations in numbered paragraph 33 of HTC's Complaint.

34.  SPARC denies the allegations in numbered paragraph 34 of HTC's Complaint.

35.  SPARC denies the allegations in numbered paragraph 35 of HTC's Complaint.

36.  SPARC denies the allegations in numbered paragraph 36 of HTC's Complaint.

37.  In response to numbered paragraph 37 of HTC's Complaint, SPARC reasserts the responses to HTC's numbered paragraphs 1-36 above as if fully set forth here.

38.  SPARC denies the allegations in numbered paragraph 38 of HTC's Complaint.

39.  SPARC denies the allegations in numbered paragraph 39 of HTC's Complaint.

40.  SPARC denies the allegations in numbered paragraph 40 of HTC's Complaint.

41.  SPARC denies the allegations in numbered paragraph 41 of HTC's Complaint.

42.  SPARC denies the allegations in numbered paragraph 42 of HTC's Complaint.

43.  In response to numbered paragraph 43 of HTC's Complaint, SPARC reasserts the responses to HTC's numbered paragraphs 1-42 above as if fully set forth here.

44.  Numbered paragraph 44 of HTC's Complaint requires no responsive pleading. However, to the extent that the Court finds that it does require a responsive pleading, it is denied.

45. SPARC denies the allegations in numbered paragraph 45 of HTC's Complaint.

46. SPARC denies the allegations in numbered paragraph 46 of HTC's Complaint.

47. SPARC denies the allegations in numbered paragraph 47 of HTC's Complaint.

48. SPARC denies the allegations in numbered paragraph 48 of HTC's Complaint.

49. SPARC denies the allegations in numbered paragraph 49 of HTC's Complaint.

50. SPARC denies the allegations in numbered paragraph 50 of HTC's Complaint.

## COUNTERCLAIM – Breach of Contract

1. On or about July 25, 2006, SPARC entered into a lease agreement that is the subject of this dispute with HSC, predecessor in interest to HTC. (Ground Lease, attached as Exhibit A to HTC's Complaint).

2. The lease agreement provided that, upon the plat recording date, HSC or its successor in interest, had 60 days for inspection regarding the suitability of the premises. HSC or its successor was to notify SPARC, in writing, if it elected to go forward under the lease. (Ground Lease, paragraphs 3B and 4).

3. On or about August 7, 2007, SPARC recorded a merger plat in the County Clerk's office in Jefferson County, West Virginia, sufficiently describing the property in question and creating a separate, identifiable parcel of the size and exact location desired by and to be leased to HSC and/or HTC. That merger plat was a final plat for purposes of the lease between the parties, and thus, August 7, 2007 was the plat recording date under the lease.

4. SPARC sufficiently notified HTC orally and later in writing of the existence and recording of the merger plat.

5. When SPARC filed the merger plat, it triggered the lease provision requiring HTC to inspect the property and to notify SPARC within 60 days of its intent to go forward under the lease.

6. HTC failed to provide written notice to SPARC within 60 days of filing of the merger plat of its intent to go forward under the lease, thus breaching the lease.

7. The lease was further breached when HSC improperly assigned the lease to HTC without SPARC's written consent.

8. HTC further breached the lease by its failure to reimburse SPARC for the road built by SPARC for HTC. (Ground Lease, paragraph 9).

13

9. HSC and HTC have failed to act within a reasonable time under the terms of the lease.

10. HSC and HTC's actions in breaching the lease were or may have been intentional and taken in bad faith. Not only did they breach the express terms of the lease, but they also breached the duty of good faith and fair dealing implied in the lease.

11. HSC and HTC's breaching actions were the direct and proximate cause of harm and damage to SPARC, including but not limited to loss of business opportunities and other reasonable costs associated with reliance on HSC and HTC's representations.

12. SPARC is entitled to and demands relief from HSC and HTC to compensate it for said damages.

THEREFORE, SPARC asks this Honorable Court:

to dismiss the Plaintiff's Complaint against it;

to deny the Plaintiff's request for damages;

to grant SPARC damages for breach of contract including all costs incurred in obtaining and preparing the property for occupation by HSC and/or HTC in reliance on the representations of HSC and/or HTC;

to grant SPARC an award of its attorney's fees and costs incurred in the defense of this matter; and,

for such other relief that this Honorable Court deems equitable and just.

SPARC demands a trial by jury.


Defendant,
by counsel



Peter L. Chakmakian (WV Bar #687)
Wm. Richard McCune, Jr. (WVSB# 2429)
Alex A Tsiatsos (WVSB# 10543)
115 West King Street
Martinsburg, WV 25401
304-262-2500

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## MARTINSBURG DIVISION

**HOMELAND TRAINING CENTER, LLC,**
a Tennessee Limited Liability Company,

        **Plaintiff,**

    **v.**

                                 **Civil Action No. 3:07-cv-160**
                                 **Judge Bailey**

**SUMMIT POINT AUTOMOTIVE RESEARCH
CENTER, a West Virginia Limited Liability
Company, individually and in its capacity as trustee
of the WILLIAM SCOTT INTER VIVOS TRUST**

        **Defendant.**

## CERTIFICATE OF SERVICE

I, Wm. Richard McCune, Jr., of the law firm of Wm. Richard McCune, Jr., P.L.L.C.,

counsel for Defendant Summit Point Automotive Research Center, individually and in its

capacity as trustee of the William Scot Inter Vivos Trust in the foregoing action, hereby certify

that on this ___26ᵗʰ___ day of ___December___, 2007, I electronically filed the

foregoing ANSWER and COUNTERCLAIM with the Clerk for the Court using the CM/ECF

system, which will send notification of such filing to the following:

J.H. Mahaney, Esq.
Huddleston Bolen, LLP
P.O. Box 2185
611 Third Ave.
Huntington, WV 25701

_[signature]_
Peter L. Chakmakian (WV Bar #687)
Wm. Richard McCune, Jr. (WV Bar #2429)
Alex A. Tsiatsos (WV Bar #10543)
115 West King Street
Martinsburg, WV 25401 • 304-262-2500