**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**


**HOMELAND TRAINING CENTER, LLC,**
a Tennessee limited liability company,

        Plaintiff,

    v.

**SUMMIT POINT AUTOMOTIVE RESEARCH
CENTER,** a West Virginia limited liability
company, individually and in its capacity as
Trustee of the **WILLIAM SCOTT INTER
VIVOS TRUST**,

        Defendant.

**CIVIL ACTION NO. 3:07-CV-160
(BAILEY)**


**MEMORANDUM ORDER GRANTING PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION**

Pending before this Court is the plaintiff's Motion for Preliminary Injunction (Doc. 8).

For the reasons hereinafter stated, this Court **GRANTS** the Motion.

This is an action brought by Homeland Training Center ("HTC") against defendant

Summit Point Automotive Research Center ("SPARC") seeking, inter alia, preliminary and

permanent injunctive relief in connection with a contract to purchase certain property in

Jefferson County, West Virginia. On December 18, 2007, this Court held a hearing at

which both parties were represented by counsel. Based upon the pleadings and the

arguments and representations of counsel, this Court finds as follows:

1. The plaintiff, Homeland Training Center, LLC, is a Tennessee limited liability

company and is the successor-in-interest to Homeland Security Corporation ("HSC").

1

2. Defendant Summit Point Automotive Research Center, LLC, is a West Virginia limited liability company.

3. The William Scott Inter Vivos Trust ("the Trust") is a trust created and existing under the laws of the State of West Virginia. Defendant SPARC is the trustee of the Trust.

4. This Court has jurisdiction over the parties hereto and the subject matter of this action pursuant to 28 U.S.C. § 1332 in that complete diversity exists between the plaintiff and defendant in this matter, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Pursuant to 28 U.S.C. § 1391(a), venue is proper in this Court in that all of the property that is the subject of this action is situate in Jefferson County, West Virginia.

6. SPARC operates facilities as a training venue for members of the armed forces of the United States and other federal security agencies in Jefferson County, West Virginia.

7. The Diplomatic Security Service ("DSS") is constructing a firing range for training purposes adjacent to or near the SPARC facility.

8. On or about July 25, 2006, SPARC and the Trust entered into a ground lease ("Lease") with HSC under the terms of which HSC would lease property adjacent to SPARC and near the DSS facility.

9. The purpose of the lease was so that HSC could construct dormitory, cafeteria and other complimentary facilities for use by persons attending the SPARC facility.

10. In that regard, on July 25, 2006, SPARC, the Trust and HSC entered into a referral agreement ("Referral Agreement"), under the terms of which SPARC and the Trust

agreed to refer all students of their training division to HSC for the provision of housing and meal services and for a determined period not to provide such services on the SPARC property.

11.    The Lease became effective on July 25, 2006.  However, the initial sixty-month term of the Lease was not to commence until the date that HSC notified SPARC and the Trust in writing that it desired to commence construction of improvements on the premises ("Commencement Date").  Until the Commencement Date, HSC would have no obligation to pay the rent on the property.

12.    HSC's obligations under the Lease were conditioned upon HSC securing financing in an amount and upon such terms and conditions that were satisfactory to HSC.

13.    Under the Lease, the Commencement Date would be set after all permits for the property were issued and no later than 120 days after the date that the final plat was approved by the Jefferson County Planning Commission and recorded.

14.    On or about October 3, 2006, HSC assigned all of its right, title and interest in the Lease and Referral Agreement to HTC.

15.    On or about, August 7, 2007, SPARC recorded a "merger plat" in the Jefferson County Clerk's Office and asserted that such plat constituted a final plat under the Lease.

16.    SPARC has taken the position that the recordation of the merger plat triggered the 120 day Commencement Date requirement, thereby voiding the Lease as of December 7, 2007.

17.    The "merger plat" submitted by SPARC in its attempt to trigger performance deadlines under the Lease is not the plat that is envisioned by the Lease.

3

18.     There is a substantial likelihood that HTC will prevail on the merits.

19.     There would be irreparable harm to HTC if the preliminary injunction were not granted in that the land in question, due to its size and proximity to the SPARC site and DSS site, is unique.

20.     There would be little harm to SPARC by the issuance of the preliminary injunction that would not be remedied by the posting of a suitable bond, as SPARC stated in its written response to HTC's Motion, it has no present plans to re-lease or otherwise affect the disputed property.

21.     The interest of the public, while not a large factor in this decision, is satisfied by going forward and promoting the project contemplated by the Lease.

22.     While the Lease is an open-ended lease, even an open-ended lease is constrained by what is commercially reasonable under the circumstances.

23.     This Court recognizes the difficulties in the mortgage market over the last year and notes that HTC has represented that, despite such difficulties, HTC has secured acceptable financing for the project.

24.     In light of the open-ended nature of the Lease and HTC's representations concerning financing, a commercially reasonable period of time for performance under the Lease will end or near its end within 120 days from the date of the December 18, 2007, hearing, or April 16, 2008.

Based upon the foregoing, plaintiff's Motion for Preliminary Injunction is hereby **GRANTED**.  This Court **ORDERS** that SPARC and the Trust are hereby enjoined from selling or re-leasing the property in question for a period of 120 days from the December 18, 2007, hearing, or April 16, 2008.  SPARC and the Trust are further enjoined from taking

any actions with respect to the Lease which are inconsistent with the terms of the Lease as if the same remain in full force and effect. During this period, HTC may exercise its rights under the Lease to continue the project going forward with respect to financing, inspection, and other issues preliminary to construction.

This Court further **ORDERS** that the plaintiff post a suitable bond in the penalty amount of Sixty Thousand Dollars ($60,000) to offset any damages that SPARC or the Trust may incur from the imposition of the preliminary injunction.

If requested and necessary, this Court will hold another hearing on this matter at or near the end of the 120 day period. The Court will entertain a request for extension of the preliminary injunction only upon presentation of commercially reasonable conduct and progress on the part of HTC.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to counsel of record herein.

**DATED:** February 20, 2008.


JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE