FILED: February 3, 2010

```
            UNITED STATES COURT OF APPEALS
               FOR THE FOURTH CIRCUIT

                 _____

                   No. 08-2272 (L)
                  (3:07-cv-00160-JPB)

                 _____
```

HOMELAND TRAINING CENTER, LLC, A Tennessee Limited Liability Company,

        Plaintiff - Appellant

v.

SUMMIT POINT AUTOMOTIVE RESEARCH CENTER, a West Virginia Limited Liability Company, individually and in its capacity as Trustee of the William Scott Inter Vivos Trust,

        Defendant - Appellee

 and

WILLIAM SCOTT INTER VIVOS TRUST,

        Defendant

```
                 _____

                     No. 08-2273
                  (3:07-cv-00160-JPB)

                 _____
```

HOMELAND TRAINING CENTER, LLC, A Tennessee Limited Liability Company,

        Plaintiff - Appellee

v.

SUMMIT POINT AUTOMOTIVE RESEARCH CENTER, a West Virginia Limited Liability Company, individually and in its capacity as Trustee of the William Scott Inter Vivos Trust,

    Defendant - Appellant

 and

WILLIAM SCOTT INTER VIVOS TRUST,

    Defendant

---

J U D G M E N T

---

 In accordance with the decision of this Court, the judgment of the District Court is affirmed in part and reversed in part. These cases are remanded to the District Court for further proceedings consistent with the Court's decision.

 This judgment shall take effect upon issuance of this Court's mandate in accordance with Fed. R. App. P. 41.

        /s/ PATRICIA S. CONNOR, CLERK

```
                                        FILED: February 3, 2010


                UNITED STATES COURT OF APPEALS
                    FOR THE FOURTH CIRCUIT

No.   08-2272 (L),   Homeland Training Center, LLC v. Summit
                     Point Automotive Resear
                     3:07-cv-00160-JPB


                     _____

                         NOTICE OF JUDGMENT
                     _____
```

Judgment was entered on this date in accordance with Fed. R. App. P. 36. Please be advised of the following time periods:

**PETITION FOR WRIT OF CERTIORARI:** To be timely, a petition for certiorari must be filed in the United States Supreme Court within 90 days of this Court's entry of judgment. The time does not run from issuance of the mandate. If a petition for panel or en banc rehearing is timely filed, the time runs from denial of that petition. Review on writ of certiorari is not a matter of right, but of judicial discretion, and will be granted only for compelling reasons. (www.supremecourtus.gov)

**VOUCHERS FOR PAYMENT OF APPOINTED OR ASSIGNED COUNSEL:** Vouchers are sent to counsel appointed or assigned by the Court in a separate transmission at the time judgment is entered. CJA 30 vouchers are sent to counsel in capital cases. CJA 20 vouchers are sent to counsel in criminal, post-judgment, habeas, and § 2255 cases. Assigned counsel vouchers are sent to counsel in civil, civil rights, and agency cases. Vouchers should be completed and returned within 60 days of the later of entry of judgment, denial of a petition for rehearing, or the grant or denial of a petition for writ of certiorari. If counsel appointed or assigned by the Court did not receive a voucher, forms and instructions are available from the Court's web site, www.ca4.uscourts.gov, or from the clerk's office.

**BILL OF COSTS:** A party to whom costs are allowable, who desires taxation of costs, shall file a Bill of Costs within 14 calendar days of entry of judgment. (FRAP 39, Loc. R. 39(b)).

**PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC:** A petition for rehearing must be filed within 14 calendar days after entry of judgment, except that in civil cases in which the

United States or its officer or agency is a party, the petition must be filed within 45 days after entry of judgment. A petition for rehearing en banc must be filed within the same time limits and in the same document as the petition for rehearing and must be clearly identified in the title. The only grounds for an extension of time to file a petition for rehearing are the death or serious illness of counsel or a family member (or of a party or family member in pro se cases) or an extraordinary circumstance wholly beyond the control of counsel or a party proceeding without counsel.

Each case number to which the petition applies must be listed on the petition to identify the cases to which the petition applies and to avoid companion cases proceeding to mandate during the pendency of a petition for rehearing in the lead case. A timely filed petition for rehearing or petition for rehearing en banc stays the mandate and tolls the running of time for filing a petition for writ of certiorari.

A petition for rehearing must contain an introduction stating that, in counsel's judgment, one or more of the following situations exist: (1) a material factual or legal matter was overlooked; (2) a change in the law occurred after submission of the case and was overlooked; (3) the opinion conflicts with a decision of the U.S. Supreme Court, this Court, or another Court of Appeals, and the conflict was not addressed; or (4) the case involves one or more questions of exceptional importance. A petition for rehearing, with or without a petition for rehearing en banc, may not exceed 15 pages. Copies are not required unless requested by the Court. (FRAP 35 & 40, Loc. R. 40(c)).

**MANDATE:** In original proceedings before this Court, there is no mandate. Unless the Court shortens or extends the time, in all other cases, the mandate issues 7 days after the expiration of the time for filing a petition for rehearing. A timely petition for rehearing, petition for rehearing en banc, or motion to stay the mandate will stay issuance of the mandate. If the petition or motion is denied, the mandate will issue 7 days later. A motion to stay the mandate will ordinarily be denied, unless the motion presents a substantial question or otherwise sets forth good or probable cause for a stay. (FRAP 41, Loc. R. 41).