IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG DIVISION

HOMELAND TRAINING CENTER, LLC,

    Plaintiff,

v.                                      Civil Action No. 3:07-CV-160
                                      Judge Bailey

SUMMIT POINT AUTOMOTIVE RESEARCH
CENTER, LLC individually and in its capacity as trustee
of the WILLIAM SCOTT INTER VIVOS TRUST

    Defendants/Third-Party Plaintiffs,

v.

HOMELAND SECURITY CORPORATION,

    Third-Party Defendant.

## NOTICE OF SUBPOENA

Please take notice that the Defendant Summit Point Automotive Research Center will serve the attached subpoena for production of documents on Pacific Architects & Engineers, Inc., 1525 Wilson Blvd., Suite 900, Arlington, VA 22209. The anticipated date of production is on or before July 9, 2010.

_____
Wm. Richard McCune, Jr. (WV State Bar# 2429)
Alex A Tsiatsos (WV State Bar# 10543)
*Wm. Richard McCune, Jr., P.L.L.C.*
115 West King Street
Martinsburg, WV 25401
Telephone: (304) 262-2500
Fax: (304) 262-1901
Email: mccunelawofc@verizon.net

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG DIVISION

HOMELAND TRAINING CENTER, LLC,

    **Plaintiff,**

v.

SUMMIT POINT AUTOMOTIVE RESEARCH
CENTER, LLC **individually and in its capacity as trustee
of the WILLIAM SCOTT INTER VIVOS TRUST**

    **Defendants/Third-Party Plaintiffs,**

v.

HOMELAND SECURITY CORPORATION,

    **Third-Party Defendant.**

Civil Action No. 3:07-CV-160
Judge Bailey

## CERTIFICATE OF SERVICE

I, Alex A. Tsiatsos, of the law firm of Wm. Richard McCune, Jr., P.L.L.C., counsel for Defendants/Third-Party Plaintiffs Summit Point Automotive Research Center, individually and in its capacity as trustee of the William Scot Inter Vivos Trust, hereby certify that on this 29th day of June, 2010, I electronically filed the foregoing *Notice of Subpoena* and attachments with the Clerk for the Court using the CM/ECF system, which will send notification of such filing to the following:

    J.H. Mahaney, Esq.
    Huddleston Bolen, LLP
    P.O. Box 2185
    611 Third Ave.
    Huntington, WV 25701

    */s/ signature*
    Wm. Richard McCune, Jr.
    Alex A. Tsiatsos

AO88 (Rev. 12/07) Subpoena in a Civil Case

# Issued by the
## UNITED STATES DISTRICT COURT
### Eastern District of Virginia

**HOMELAND TRAINING CENTER, LLC, et al.**

V.

**SUMMIT POINT AUTOMOTIVE RESEARCH CENTER, et al.**

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  **3:07-CV-160**
Northern District of West Virginia

Subpoena Issued from
Eastern District of Virginia

TO: **Pacific Architects & Engineers, Inc.**
**1525 Wilson Blvd.**
**Suite 900**
**Arlington, VA 22209**

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**Please see the attachments describing the documents to be produced.**
**Please forward these documents to the address, below.**

| PLACE | DATE AND TIME |
|---|---|
| Stephen D. Halfhill, Esq.  Allred, Bacon, Halfhill & Young   11350 Random Hills Rd., Ste. 700   Fairfax, VA 22030 | **July 9, 2010** |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /s/ Alex A. Tsiatsos     **Attorney for Defendants** | **June 29, 2010** |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

**Alex A. Tsiatsos, Esquire    115 West King Street    Martinsburg, WV 25401    (304) 262-2500**

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                          DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) DUTIES IN RESPONDING TO A SUBPOENA.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG DIVISION

**HOMELAND TRAINING CENTER, LLC,**

    **Plaintiff,**

v.                                                        **Civil Action No. 3:07-CV-160**
                                                                         **Judge Bailey**

**SUMMIT POINT AUTOMOTIVE RESEARCH
CENTER, LLC individually and in its capacity as trustee
of the WILLIAM SCOTT INTER VIVOS TRUST**

    **Defendants/Third-Party Plaintiffs,**

v.

**HOMELAND SECURITY CORPORATION,**

    **Third-Party Defendant.**

## DOCUMENTS TO BE PRODUCED BY PACIFIC ARCHITECTS & ENGINEERS, INC. PURSUANT TO SUBPOENA

In lieu of appearing for a deposition, please produce the following documents to the offices of Stephen D. Halfhill, Esq., located at Allred, Bacon, Halfhill & Young, 11350 Random Hills Road, Suite 700., Fairfax, VA 22030 on or before July 9, 2010:

1. Copies of your complete file with respect to the following persons and entities: Homeland Training Center, LLC; Homeland Security Corporation; Homeland Security Facilities, LLC; D Patrick McCoy; PEC Enterprises, Inc.; and/or Doctor Crants from 2004 to the present.

2. Copies of your complete file with respect to any investment, financing, lease or any construction projects involving or anticipated to take place at the Summit Point Automotive Research Center or on the William Scott Inter Vivos Trust property in which Homeland Training Center, LLC, Homeland Security Corporation, Homeland Security Facilities, LLC,

D. Patrick McCoy, PEC Enterprises, Inc. and/or Doctor Crants were in any manner involved from 2004 to the present.

3. Copies of all correspondence, e-mail, notes, memoranda and all other internal and external documentation in your hands, or readily available to you, between you and Homeland Training Center, LLC, Homeland Security Corporation, Homeland Security Facilities, LLC, D. Patrick McCoy, PEC Enterprises, Inc., Doctor Crants and/or any investors or potential investors in projects to take place at the Summit Point Automotive Research Center, or on the William Scott Inter Vivos Trust property, from 2004 to the present.

4. Copies of all correspondence, e-mail, notes, memoranda and all other internal and external documentation in your hands, or readily available to you, between you and Homeland Training Center, LLC, Homeland Security Corporation, Homeland Security Facilities, LLC, D. Patrick McCoy, PEC Enterprises, Inc., and/or Doctor Crants, including but not limited to those materials regarding the PAE-HSC Joint Venture, the CIVPOL contract, and Peacekeeper contracts, from 2004 to the present.

_____
Wm. Richard McCune, Jr. (WV State Bar# 2429)
Alex A Tsiatsos (WV State Bar# 10543)
*Wm. Richard McCune, Jr., P.L.L.C.*
115 West King Street
Martinsburg, WV 25401
Telephone: (304) 262-2500
Fax: (304) 262-1901
Email: mccunelawofc@verizon.net

16. To what extent is your (or your experts') estimation of damages in this case based on possible or expected State Department contracts? In answering, please state:

SUPP.INT.000025

a. the number of state department contracts you expected to obtain (over the span of time you use in your damages calculation);

b. all facts and evidence demonstrating the correctness of that number;

c. the number of state department students/attendees/guests you expected to have (over the span of time you use in your damages calculations);

d. all facts and evidence demonstrating the correctness of that number;

e. the total gross income you expected to take in as a result to all state department contacts (per year and total over the span of time for which you calculate damages);

f. all facts and evidence demonstrating the correctness of that number;

g. the net income you expected to take in as a result of all state department contracts (per year and total over the span of time for which you calculate damages);

h. all facts and evidence demonstrating the correctness of that number; and,

i. what total amount of damages you attribute to income which would have been provided by state department contracts but which you believe you have now lost due to SPARC's alleged repudiation (per year and total over the span of time for which you calculate damages).

ANSWER: Objection. HTC objects to this Interrogatory as being in excess of the number of Interrogatories permitted by the Court in this matter. HTC also objects to this Interrogatory to the extent that it requests the disclosure of expert testimony and opinion prior to the deadline for the disclosure of such information as per this Court's Scheduling Order and the agreement of the Parties. Without waiver of the above objections, HTC states as follows:

Question 16a.

Doctor R. Crants was substantially responsible for the formation of the PAE-HSC Joint Venture Partnership in 2003/2004. In 2004 PAE-HSC was awarded a five year contract (with one five year renewal) to recruit, train, equip and deploy "Peacekeepers" to various hotspots around the world. (The formal name for the contract was CIVPOL. Those

deployed under the CIVPOL contract were civilian police. See Civilian Police Fact Sheet 2009 attached.) This contract was between the PAE-HSC Joint Venture Partnership and the US State Department, specifically the International Narcotics and Law Enforcement Affairs (INL) a sub-agency of the US State Department. Under this contract PAE-HSC was obligated to train Peacekeepers. The training had to be accomplished within the greater Washington DC area. Despite all efforts PAE-HSC could not find a single location where housing, food service, fire arms training and driving skills training could be accomplished. As a result PAE-HSC had to transport its trainees from place-to place, doing some parts of the training in Virginia, West Virginia, Pennsylvania and Maryland.

Strictly speaking PAE-HSC (not the State Department) would decide who and where the training would be done. It is reasonably certain that the PAE-HSC Joint Venture would have given HTC the training component of the contract.

Likewise there are many other defense contractors serving the training requirements of the US State Department, none of whom had access to a one-stop training center. It is reasonably certain that every defense contractor connected to the Peacekeeper program would have sub-contracted their training requirements to HTC because it was easier and more convenient to do so.

Question 16b.

As stated HTC believes that it would have obtained the Peacekeeper training sub-contract for the PAE-HSC Joint Venture. In addition there were two other companies that were co-winners of the Peacekeeper contract. The other two winners were Dyncorp and Civilian Police International. It is reasonably certain that HTC would have obtained all their training sub-contracts.

Question 16c.

As mentioned in the answer to Question 16a, the Peacekeeper revenues are derived from the three vendors providing Peacekeeper services to INL. The three vendors are PAE-HSC Joint Venture, Dyncorp and Civilian Police International (CPI).

The Training Operations Pro-Forma Operating Budget (previously provided) in Footnote 1 sets out the expected number of PAE-HSC Joint Venture students at 30 students per quarter or 120 students per year. 120 students per year for all years over the span of time used in the damage calculations was used.

As stated HTC also expected to obtain the training sub-contracts from both Dyncorp and CPI. As it happens PAE-HSC was the last vendor selected by INL to join the Peacekeeper program. Because PAE-HSC joined last, it was also the smallest vendor having missed earlier opportunities to deploy Peacekeepers. For the purpose of our Training Operations Pro-Forma Operating Budget, Doctor Crants assumed that Dyncorp and CPI each had 150 students per year or collectively 300 students per year.

Using that assumption, Dyncorp and CPI together would generate 75 students per quarter for 20 days each quarter at $300 per student per day or $450,000 in revenues per quarter or $1,800,000 per year. To be conservative, Doctor Crants used $800,000 for the six month period beginning July 1, 2010 and ending December 31, 2010 and $1,600,000 in all subsequent years over the span of years used in our damage calculations.

Question 16d.

see answer to 16 a, b & c.

Question 16e.

see answer to 16 a, b & c.

Question 16f.

see answer to 16 a, b & c.

Question 16g.

|  | 2009 | 2010 | 2011 | 2012 | 2013 |
|---|---|---|---|---|---|
| Revenues | 360,000 | 1,520,000 | 2,320,000 | 2,320,000 | 2,320,000 |
| Net Income | 82,275 | 815,322 | 815,322 | 815,322 | 815,322 |

TOTAL for five years: $3,343,563

Question 16h.

see answer to 16 a, b & c.

Question 16i.

All the revenues and all the expected net income to be derived from the Peacekeeper contract have been lost due to SPARC's repudiation.

In addition to the Peacekeeper related revenues HTC would have pursued training facility revenues from other defense contractors providing services to government. These potential revenues and profits were also lost due to SPARC's repudiation.