IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT MARTINSBURG

HOMELAND TRAINING CENTER, LLC,
A Tennessee Limited Liability Company,

        Plaintiff,

v.                                     CIVIL ACTION NO:     3:07-cv-160

SUMMIT POINT AUTOMOTIVE RESEARCH
CENTER, a West Virginia Limited Liability
Company, individually and in its capacity as
Trustee of the William Scott Inter Vivos Trust,
and the WILLIAM SCOTT INTER VIVOS
TRUST,

        Defendants/Third-Party Plaintiffs,

v.

HOMELAND SECURITY CORPORATION,

        Third-Party Defendant.

### PLAINTIFF'S REQUESTED JURY INSTRUCTIONS

Comes now the Plaintiff, Homeland Training Center, LLC ("HTC"), and hereby submits its requested jury instructions consistent with the Scheduling Order:

## Plaintiff's Instruction No. 1

This case involves a ground lease that was entered into Homeland Training Center ("HTC") to build and operate a lodging and training facility on land owned by Defendants Summit Point Automotive Research Center ("SPARC") and William Scott Inter Vivos Trust ("Trust"). HTC has alleged that SPARC/Trust breached the lease between the parties, and thereby caused HTC to sustain damages.

The Court has already ruled as a matter of law that the Defendants, SPARC/Trust, breached the lease by repudiating it while HTC was still in the process of performing the lease and making arrangements for construction of the project. Repudiation consists of the indication by words or conduct that a party is not going to render a performance under a contract. When one party to a contract repudiates it, the other party is not obligated to perform its promises, and is entitled to recover damages caused by the other party's refusal to perform.

Because the Court has already determined that SPARC/Trust breached the lease due to its repudiation, the only issue left for you, the jury, to decide is the issue of the amount of damages, if any, suffered by HTC as a proximate result of SPARC/Trust's breach.

*Federal Jury Practice and Instructions* § 126.04

*Restatement* (Second) *of Contracts* § 253

GIVEN         _____

REFUSED       _____

WITHDRAWN     _____

OBJECTED TO   _____

{H0615203.1}                        2

## Plaintiff's Instruction No. 2

The burden of proof is on the plaintiff in a civil action such as this to prove each and every essential element of his or her claim by a preponderance of the evidence. If the proof should fail to establish any element of plaintiff's claim by a preponderance of the evidence in the case, or if the defendant's evidence outweighs the plaintiff's, or if the evidence is evenly balanced in the case, the Jury should find for the defendant as to that claim.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means a body of evidence that has more convincing force than the evidence that opposed it, and evidence that produces a belief in your mind that what a party is trying to prove is more likely true than not true.

While the burden is on the plaintiff to prove his claim by a preponderance of the evidence, this rule does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case. In a civil case, as opposed to criminal cases, it is proper to find that the plaintiff has succeeded in carrying the burden of proof if you believe that the evidence of the plaintiff outweighs that of the defendant even in the slightest degree, after considering all the evidence in the case.

GIVEN          _____

REFUSED        _____

WITHDRAWN      _____

OBJECTED TO    _____

## Plaintiff's Instruction No. 3

In this case, the Court has already ruled that SPARC/Trust repudiated its agreement with HTC before the Lease was to commence and before the parties had satisfied all of the conditions necessary for the Lease to commence. Because the law does not require a party to a contract to take or do useless acts, SPARC/Trust's repudiation immediately excused HTC from having to satisfy any unfulfilled conditions of the agreements, including the "financing contingency" in the Lease under which HTC was to obtain suitable financing for the project. However, SPARC/Trust claims its breach did not cause any damage to HTC because HTC would never have been able to obtain the necessary financing even if SPARC/Trust had not repudiated or breached the agreement.

As the Plaintiff in this case, to establish that SPARC/Trust's repudiation caused its damage, HTC must prove by a preponderance of the evidence only that it was ready, willing, and able to perform the agreement to the extent that such performance was possible at the time of SPARC/Trust's repudiation. If HTC satisfies this burden, it need not prove that it would have satisfied the financing or any other unfulfilled condition or obligation under the Lease as SPARC/Trust's breach immediately excused HTC from having to take any further steps to satisfy any unfulfilled conditions.

*Restatement* (Second) *of Contracts* § 245, 255
*Champion v. Whaley*, 280 S.C. 116 (S.C. Ct. App. 1984)
*Matrix Realty Group, Inc. v. Food Mgmt. Group. LLC*, 2010 U.S. Dist. LEXIS 100749, 1-41 (S.D.N.Y. Sept. 21, 2010)

GIVEN       _____
REFUSED     _____
WITHDRAWN   _____
OBJECTED TO _____

## Plaintiff's Instruction No. 4

If you find that HTC was ready, willing and able to perform its agreements with SPARC/Trust to the extent that such performance was possible at the time of SPARC/Trust's repudiation, to prove that its breach did not cause HTC to suffer any damages, the burden shifts to SPARC/Trust to prove that HTC would never have been able to obtain the necessary financing for the project even had it not breached the Lease. To do so, SPARC/Trust must prove by a preponderance of the evidence that even if it had not repudiated and breached the Lease agreement, HTC would never have been able to obtain the financing necessary for the project from any source. SPARC/Trust's proof cannot be based upon speculation or conjecture, but must be based upon factual evidence or the reasonable inference to be drawn therefrom.

*Restatement* (Second) *of Contracts* § 245, 255

*Champion v. Whaley*, 280 S.C. 116 (S.C. Ct. App. 1984)

*Matrix Realty Group, Inc. v. Food Mgmt. Group. LLC*, 2010 U.S. Dist. LEXIS 100749, 1-41 (S.D.N.Y. Sept. 21, 2010)

GIVEN       _____

REFUSED     _____

WITHDRAWN   _____

OBJECTED TO _____

## Plaintiff's Instruction No. 5

Those damages recoverable by an injured party as a result of a breach of a contract are those as may fairly and reasonably be considered as arising naturally – that is, according to the usual course of things – from the breach of the contract itself, or such as may reasonably be supposed to have been in the contemplation of both parties at the time they made the contract as the probable result of a breach.

Contract damages are ordinarily based on the injured party's expectation interest and are intended to give it the benefit of his bargain by awarding it a sum of money that will, to the extent possible, put it in as good a position it would have been in had the contract been performed. Such injury party has a right to damages based on its expectation interest as measured by:

(a) The loss in value to it of the other party's performance caused by the other party's failure or deficiency, plus

(b) Any other loss, including incidental or consequential loss, caused by the breach, less

(c) Any cost or other cost that it has avoided by having not to perform.

*Restatement* (Second) *Contracts* §§344(1)(a), 347

*Board of Education v. Zando Martin & Milstead*, 390 S.E.2d 796 (W. Va. 1990).

GIVEN          \_\_\_\_\_

REFUSED        \_\_\_\_\_

WITHDRAWN      \_\_\_\_\_

OBJECTED TO    \_\_\_\_\_

{H0615203.1}                    6

## Plaintiff's Instruction No. 6

Damages recoverable by an injured party that are incurred as a result of a breach of a contractual obligation must be proved with reasonable certainty.

In calculating damages, absolute certainty is not required and the Plaintiff is not required to prove its damages with mathematical exactitude or precision because it is not always possible, or even probable, that a party can prove the exact amount of its damages. Therefore, it is necessary only that the Plaintiff proves its damages to a reasonable certainty or a reasonable probability.

Syl. pt. 3, *Supervalu Operations, Inc. v. Center Design, Inc.*, 524 S.E.2d 666 (W. Va. 1999)

Syl. pts 2, 3, *Kentucky Fried Chicken of Morgantown, Inc. v. Sellaro*, 214 S.E.2d 823 (W. Va. 1975)

Syl. pt. 4, *Hurxthal v. St. Lawrence Boom & Mfg. Co.*, 64 S.E. 355 (W. Va. 1909)

Syl. pt. 2, *Mollohan v. Black Rock Contracting, Inc.*, 235 S.E.2d 813 (W. Va. 1977)

GIVEN       _____

REFUSED     _____

WITHDRAWN   _____

OBJECTED TO _____

## Plaintiff's Instruction No. 7

In this case, HTC seeks to recover the reasonable value of profits that it lost as a result of SPARC/Trust's breach of its agreement with HTC.

A party may recover as damages lost profits which would have been made by the party's business that was to be conducted on the premises covered by a lease agreement if:

(1) those profits were within the contemplation of the parties when the agreement was made;

(2) their loss is the natural and proximate result of the breach of the agreement; and

(3) the amount of the lost profits is ascertainable with reasonable certainty.

A new business, like HTC, can recover lost profits in a breach of contract action, if it establishes its lost profits with reasonable certainty. Damages may be established with reasonable certainty with the aid of expert testimony, economic and financial data, market surveys and analyses, business records of similar enterprises, and the like.

45 Am. Jur. 2d Landlord and Tenant § 15.

Syl. pt. 2, *Cell, Inc. v. Ranson Investors*, S.E.2d 447 (W. Va.1992).

*Given v. Field*, 484 S.E.2d 647 (W. Va. 1997)

*Restatement* (Second) *of Contracts* § 352 cmt. b.

GIVEN       _____

REFUSED     _____

WITHDRAWN   _____

OBJECTED TO _____

**Plaintiff's Instruction No. 8**

HTC also seeks to recover the reasonable value of costs and expenses it incurred in consummating the lease and pursuing the Homeland Training Center Project. This "reliance interest" is HTC's interest in being reimbursed for loss caused in reliance upon the contract and SPARC/Trust's promise by being put in as good a position as it would have been in had the contract not been made.

*Restatement* (Second) *of Contracts* § 344.

GIVEN           \_\_\_\_\_

REFUSED         \_\_\_\_\_

WITHDRAWN       \_\_\_\_\_

OBJECTED TO     \_\_\_\_\_

## Plaintiff's Instruction No. 9

Finally, pursuant to the lease agreement between the parties, HTC is entitled to the attorneys fees incurred in pursuing this matter if it is the prevailing party. If you make any award to HTC, you should also award it reasonable attorneys fees incurred in pursing this matter.

**HOMELAND TRAINING CENTER, LLC,**

By     /s/ J.H. Mahaney    .
        Of Counsel

J.H. Mahaney, Esquire
(West Virginia Bar Number 6993)
J. Jarrod Jordan, Esquire
(West Virginia Bar Number 10622)
**HUDDLESTON BOLEN, LLP**
Post Office Box 2185
611 Third Avenue
Huntington, West Virginia 25701
(304) 529-6181
jmahaney@huddlestonbolen.com
**Counsel for Plaintiff,**
**HOMELAND TRAINING CENTER, LLC**

{H0615203.1}    11

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT MARTINSBURG

**HOMELAND TRAINING CENTER, LLC,**
A Tennessee Limited Liability Company,

        Plaintiff,

v.                          CIVIL ACTION NO:    3:07-cv-160

**SUMMIT POINT AUTOMOTIVE RESEARCH
CENTER,** a West Virginia Limited Liability
Company, individually and in its capacity as
Trustee of the William Scott Inter Vivos Trust,
and the **WILLIAM SCOTT INTER VIVOS
TRUST,**

        Defendants/Third-party Plaintiffs,

v.

**HOMELAND SECURITY CORPORATION,**

        Third-party Defendant.

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that he served the foregoing *"Plaintiff's Requested Jury Instructions"*, by electronic filing using the CM/ECF System, and by mailing a complete copy to all counsel of record, postage prepaid, in the regular course of the United States Mail, on the 6th day of October 2010 to:

| | |
|---|---|
| Peter L. Chakmakian | Wm. Richard McCune, Jr. |
| 108 North George St. | 115 West King St. |
| Charles Town, WV 25414 | Martinsburg, WV 25401 |

                                              /s/ J.H. Mahaney