# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

## MARTINSBURG DIVISION

**HOMELAND TRAINING CENTER, LLC,**

*Plaintiff*,

**v.**

**SUMMIT POINT AUTOMOTIVE RESEARCH CENTER, LLC** and the **WILLIAM SCOTT INTER VIVOS TRUST**

*Defendants/Third-Party Plaintiffs*,

**v.**

**HOMELAND SECURITY CORPORATION,**

*Third-Party Defendant*.

Civil Action No. 3:07-cv-160
Judge Bailey

## DEFENDANTS/THIRD-PARTY PLAINTIFFS' JURY INSTRUCTIONS

Pursuant to the Court's Scheduling Order, Defendants/Third-Party Plaintiff Summit Point Automotive Research Center, LLC and the William Scott Inter Vivos Trust (hereinafter "SPARC"), by counsel, submits the following proposed jury instructions listed on the following, separate pages. The page references required by the Scheduling Order are attached as Exhibit A.

**SPARC**, by counsel,

**s/ Wm. Richard McCune, Jr.**
Wm. Richard McCune, Jr. (WV Bar #2429)
Alex A. Tsiatsos (WV Bar #10543)
*Wm. Richard McCune, Jr. PLLC*
115 West King Street
Martinsburg, WV 25401
304-262-2500

Peter L. Chakmakian (WV Bar #687)
*Peter L. Chakmakian, L.C.*
108 North George Street
 P.O. Box 547
Charles Town, WV 25414
304-725-9797

1

SPARC'S JURY INSTRUCTION NO. 1

<u>Proximate cause</u>

The Court instructs the jury that a "proximate cause" must be understood to be that cause which in actual sequence, unbroken by any independent cause, produced the wrong complained of, without which the wrong would not have occurred.

Syl. pt. 5, <u>Jackson v. Putnam County Bd. of Educ.</u>, 653 S.E.2d 632 (W. Va. 2007)

SPARC'S JURY INSTRUCTION NO. 2

<u>Damages and proximate cause</u>

The court instructs you that a plaintiff seeking money or other damages from a defendant as the result of an alleged injury must prove that the defendant proximately caused the alleged injury. If the defendants did not cause the plaintiff's injury, then you must find for the defendants. If some event other than the defendants' actions caused the plaintiff's alleged injury, then you must find for the defendants.

_____Authority: <u>Keister v. Talbott</u>, 391 S.E.2d 895, 901 (W.Va.1990) ("Lost profits are special damages which can be awarded only when they are the proximate result of the defendant's wrongdoing"); <u>The Old Reliable</u>, 262 F. 108, 110 (4th Cir.1919) ("The breach of the contract to tow was not the proximate cause of the loss, and therefore the Old Reliable cannot be held for the loss and the salvage") .

SPARC'S JURY INSTRUCTION NO. 3

<u>Lost profit damages cannot be based on speculation</u>

In this case, the plaintiff is seeking lost profits for the business that it wanted to operate. The Court instructs you that lost profits can not be based on estimates which amount to mere speculation and conjecture but must be proved with reasonable certainty.  Uncertain profits are not recoverable for breach of contract.  A new business may recover lost profits in a breach of contract action, but only if the plaintiff establishes the lost profits with reasonable certainty; lost profits may not be granted if they are too remote or speculative.

Therefore, if you find that the plaintiff has not established its claim for lost future profits with reasonable certainty – or if you find that its claims are too remote or merely speculative or conjectural – you may not award Homeland Training Center, LLC any money or damages based on those lost profits.

Authority: Syl. pts. 1 & 2, <u>Cell, Inc. v. Ranson Investors</u>, 427 S.E.2d 447, 447 (W.Va.1992); <u>Maher v. Continental Cas. Co.</u>, 76 F.3d 535, 541 (4th Cir. 1996); 11 CORBIN ON CONTRACTS, DAMAGES §56.19, p. 185 (Revised Ed. 2005) ("An often-stated rule of law is that speculative and uncertain profits are not recoverable as damages for breach of contract").

SPARC'S JURY INSTRUCTION NO. 4

<u>Claims of lost profits must be supported by actual facts and not speculation</u>

The Court instructs the jury that to prove lost profit damages for a new or less-established business, the plaintiff must provide more exacting proof – it must prove that it would have made the profits it claims it would have made to a reasonable certainty.

If you find that the plaintiff's alleged lost profits were not proved with reasonable certainty, then you may not award them.

Authority: <u>Maher v. Continental Cas. Co.</u>, 76 F.3d 535, 541 (4th Cir. 1996)

SPARC'S JURY INSTRUCTION NO. 5

<u>Damages for breach of a lease</u>

The Court instructs the jury that when a landlord breaches a lease, the tenant may recover the difference between the amount of rent paid under the lease and the value of the lease premises during the term of the lease.  The tenant may not recover damages based on speculative future business to be conducted on the leased property.

The Court instructs you that the plaintiff has submitted no value for the lease premises during the term of the lease for your consideration.  Therefore, you may not return a verdict for the difference between the amount of rent paid under the lease and the value of the lease premises during the term of the lease.

Authority: Syl. Pt. 4, <u>Robrecht v. Marling</u>, 2 S.E. 827 (W.Va. 1887)

SPARC'S JURY INSTRUCTION NO. 6

<u>Future contracting opportunities</u>

The Court instructs the jury that receipt or non-receipt of future government contracts is both speculative in nature and dependent on many factors.  Therefore, you may not award any damages in this case based on future government contracts which were never received.

Authority:  <u>Olin Jones Sand Co. v. United States</u>, 225 Ct.Cl. 741, 1980 WL 13211  (1980) (no page number given on Westlaw – quote appears and end of eighth full paragraph); <u>Rumsfeld v. Freedom NY, Inc</u>., 329 F.3d 1320, 1333 (Fed. Cir. 2003);  <u>Die Casters Intern., Inc. v. U.S.</u>, 73 Fed.Cl. 174, 195-96 (Fed.Cl. 2006); <u>McGregor Printing Corp. v. Kemp</u>, 811 F.Supp. 10, 13 (D.D.C.1993); <u>Rocky Mountain Const. Co.</u>, 218 Ct.Cl. 665, 1978 WL 8468 (1978) (no page number on Westlaw – quote appears in fourth paragraph); and cases cited in SPARC's motion for summary judgment [doc. no. 291].

SPARC'S JURY INSTRUCTION NO. 7

<u>Party status</u>

The Court instructs the jury that where the action is only for the breach of a contract, only the parties to it, or their privies, can maintain the action.  The only plaintiff and the only party to the contract claiming damages for breach is Homeland Training Center, LLC.   Neither Mr. Crants nor Homeland Security Facilities, LLC are parties in this case, they are not parties to any contract with the defendants, and you may not award them any damages.

Authority: Complaint, Scheduling Order, <u>Peters v. Johnson</u>, 41 S.E. 190, 191 (W.Va. 1902) ("Where the action is only for the breach of a contract, only the parties to it, or their privies, can maintain it"); <u>Muniz-Olivari v. Stiefel Laboratories, Inc.</u>, 2010 WL 891325, *3 (D.Puerto Rico,2010) ("Durán, as a nonparty to the contract, may not recover damages for pain and suffering resulting from the breach of contract"); <u>Cobble v. Value City Furniture</u>, 2006 WL 1687963, *2 (W.D.Ky.2006) ("Mrs. Cobble, however, is not a party to this action (she is not listed in the caption and she did not sign the complaint) and Plaintiff may not seek to recover compensatory damages on her behalf") (citation omitted)

8

SPARC'S JURY INSTRUCTION NO. 8

Lost profits and business valuation requires expert testimony

The Court instructs the jury that the portion of the plaintiff's damages claim which is based on technical business valuations involving alleged future profits and comparable companies may be admitted only through expert testimony.  Therefore, if the plaintiff does not produce an expert to testify in support of its alleged damages for diminution of business value (or, if the plaintiff has produced an expert whom you do not believe has proved the fact of such damages to a reasonable certainty), you may not award the plaintiff any damages based on alleged lost profits or lost business value.

Authority: Ullman-Briggs, Inc. v. Salton/Maxim Housewares, Inc., 1996 WL 535083, *3 (N.D.Ill.1996); C & O Motors, Inc. v. General Motors Corp., 2007 WL 2156587, 4-6 (S.D. W.Va. 2007); Frymire-Brinati v. KPMG Peat Marwick, 2 F.3d 183, 186-87 (7th Cir. 1993); Team Gordon, Inc. v. Fruit of the Loom, Inc.,  2010 WL 419952, *2 -3  (W.D.N.C.,2010);  Robert L. Dunn, RECOVERY OF DAMAGES FOR LOST PROFITS, Vol. II, p. 581 (6th ed. 2005)(previously attached as Exhibit I to doc. no. 275); Compania Administradora  v. Titan Intern., Inc., 533 F.3d 555, 560 (7th Cir. 2008); U.S. v. Conn, 297 F.3d 548, 555 (7th Cir. 2002).

SPARC'S JURY INSTRUCTION NO. 9

<u>Witnesses may not speculate</u>

The Court instructs the jury that you may not base your verdict on an expert's testimony if you believe that the expert's testimony is speculative and not supported by the record.  Similarly, you may not base your verdict on the opinions of any non-expert witness if you believe that he or she is speculating.

<u>Tyger Const. Co. Inc. v. Pensacola Const. Co.</u>,  29 F.3d 137, 142 (4th Cir.1994) *cert. denied* 513 U.S. 1080 (1995) ("expert's opinion should be excluded when it is based on assumptions which are speculative and are not supported by the record"); Fed. R. Evid. 701.

SPARC'S JURY INSTRUCTION NO. 10

<u>expert witness requirements</u>

The Court instructs the jury that expert witnesses must do more than repeat the conclusions or figures provided to them by other persons.  They must independently verify the data on which they rely.  If an expert fails to do this, you should reject her testimony.

Authority:  <u>In re TMI Litig.</u>, 193 F.3d 613, 697-98 (3rd Cir.1999); <u>Montgomery County v. Microvote Corp.</u>, 320 F.3d 440, 448-49 (3rd Cir.2003); <u>Crowley v. Chait</u>, 322 F.Supp.2d 530, 546-47 (D.N.J.2004); <u>Meterlogic, Inc. v. KLT, Inc</u>., 368 F.3d 1017, 1019 (8th Cir. 2004).

SPARC'S JURY INSTRUCTION NO. 11

<u>comparable companies must be comparable</u>

The plaintiff claims that its business would have been worth a certain amount of money based on comparisons with other companies.  The Court instructs the jury that in order to believe that the plaintiff's business is worth as much as it claims, you must find that the companies it used for comparison purposes were similar and comparable to the plaintiff's business.  The comparable companies method is reliable only to the extent that the companies chosen are truly comparable.

Authority:  <u>Caracci v. C.I.R.,</u> 456 F.3d 444, 459 (5th Cir. 2006) ("A 'comparable' must be substantially similar to the entity or asset that is at issue" ); <u>Celebrity Cruises Inc. v. Essef Corp.</u>, 434 F.Supp.2d 169, 179 (S.D.N.Y.2006) ("the comparable companies method is reliable only to the extent that the companies chosen are truly comparable")

SPARC'S JURY INSTRUCTION NO. 12

<u>No windfall damages</u>

The Court instructs the jury that a plaintiff in a contract action is only entitled to be put in the same economic position that it would have been in had the contract not been breached. The sole object of compensatory damages is to make the injured party whole for losses actually suffered; the plaintiff cannot be made more than whole, make a profit, or receive more than one recovery for the same harm. The plaintiff is not entitled to a windfall, and the law will not put him in a better position than he would be in had the wrong not been done or the contract not been broken."

Authority: <u>C & O Motors, Inc. v. General Motors Corp</u>., 323 Fed.Appx. 193, 197-198, 2009 WL 891033, 4 (4th Cir 2009) (citing and quoting <u>Ohio Valley Builders' Supply Co. v. Wetzel Constr. Co.</u>, 108 W.Va. 354, 151 S.E. 1, 4 (1929); 22 Am.Jur.2d Damages § 28 (2003))

SPARC'S JURY INSTRUCTION NO. 13

<u>Duty to mitigate damages</u>

The Court instructs the jury that the plaintiff has a duty to mitigate its damages.  That is, even if the plaintiff was damaged by the defendant, the plaintiff had a duty to make its injury as light as possible.

Authority: Trial Handbook for West Virginia Lawyers § 35:7; <u>Continental Realty Corp. v Andrew J. Crevolin Co.</u>, 380 F Supp 246, 255 (S.D.W Va. 1974)

SPARC'S JURY INSTRUCTION NO. 14

<u>No punitive damages in a contract action</u>

The Court instructs the jury that punitive damages are not available in a breach of contract action.  Therefore, you may not award punitive damages in this case.

Authority: <u>Wilt v. State Auto. Mut. Ins. Co.</u>, 506 S.E.2d 608, 610 (W.Va. 1998) ("Since punitive damages, as a rule, are not available in contract cases . . .")[1]

---

[1] Although HTC at one point made a claim for concealment and misrepresentation, that claim was resolved against HTC at summary judgment and on motion for reconsideration. [Doc. no. 114, p. 6]. HTC never appealed this Court's decision.  Therefore, there is no tort or other predicate on which punitive damages could be assessed against SPARC.

15

SPARC'S JURY INSTRUCTION NO. 15

Witness's prior inconsistent statements

The Court instructs the jury that a witness may be impeached and discredited by prior inconsistent statements.  If you believe from the evidence that a witness made inconsistent and contrary statements, you have the right to disregard the witness's whole testimony, or give it such weight as you think it is entitled.

Authority: Instructions for Virginia and West Virginia, Vol. 3, §114-104, p. 580 (5th ed. 2001); Syl. pt. 3, State v. Trail, 53 S.E. 17 (W.Va. 1906).

SPARC'S JURY INSTRUCTION NO. 16

<u>Effect of witness's false testimony</u>

The Court instructs the jury that if you believe from the evidence that any witness in this case has willfully and knowingly testified falsely as to any material matter in issue, then you are at liberty to disregard the whole testimony of such witness, or give it such weight as you may think it entitled to.

Authority: <u>State v. Brady</u>, 140 S.E. 546, 551 (W.Va. 1927).

17

SPARC'S JURY INSTRUCTION NO. 17

<u>weight of non-expert opinion testimony</u>

The Court instructs the jury that the mere opinions of witnesses, not experts, are entitled to little or no regard, unless they are founded on facts which warrant them.  If the facts upon which the opinions are founded are frivolous, the opinions are worth little or nothing.

Authority: Instructions for Virginia and West Virginia, Vol. 2B, §41-113, p. 167 (4th ed. 1996); <u>Nicholas v. Kershner</u>, 20 W.Va. 251, 1882 WL 3513, 4 (W.Va. 1882)

SPARC'S JURY INSTRUCTION NO. 18

<u>Weight of expert testimony</u>

The Court instructs the jury that you may consider the testimony of expert witnesses, and give it such weight and value as you think it should have, but the weight and value to be given their testimony is for you to determine. You are not required to surrender your own judgment to that of any person testifying as an expert, or to give controlling effect to the opinion of an expert, for the testimony of an expert, like that of any other witness, is to be received by you and given such weight and value as you deem it is entitled to receive.

In weighing the evidence of expert witnesses you are to take into consideration their education, expertise, training and verse, the weight and process of the reasoning by which they supported their respective opinions; their relative opportunities for study or observation of the matters about which they testified, and any other matters which serve to illuminate their statements.

Authority: Instructions for Virginia and West Virginia, Vol. 2B, §41-112, p. 165 (4th ed. 1996); <u>Papenhaus v. Combs</u>, 292 S.E.2d 621, 626, n. 4 (W.Va.1982)

19

SPARC'S JURY INSTRUCTION NO. 19

<u>Verdict for defendant if plaintiff fails to prove case</u>

The Court instructs the jury that the plaintiff must prove each and every element of its case by a preponderance of the evidence, and must prove that it lost future profits to a reasonable certainty. Without such proof, you should find for the defendants. Damages are not presumed nor may they be based upon speculation, but must be proven; and the burden is on the plaintiff to prove each item and element of damages claimed, and unless such item or element thus claimed is proven, the plaintiff cannot recover therefor.

If the jury is uncertain as to whether any particular element of damage claimed was caused by the October 17, 2007 letter, or if it appears just as probable that any injury or element of damage complained of resulted from a cause other than the October 17, 2007 letter, then the plaintiff cannot recover therefor. Where damages are claimed for injuries which may have resulted from one or two causes, for one of which the defendant's may be responsible, and for the other of which the defendants are not responsible, the plaintiff must fail if his evidence does not show that the damages are produced by the former cause. And the plaintiff must also fail if it is just as probable that the damages were caused by the one as by the other, since the plaintiff is bound to make out his case by a preponderance of the evidence, and with respect to alleged lost profits, to a reasonable certainty. Damages must be proven and cannot be presumed.

Instructions for Virginia and West Virginia, Vol. 2B, §41-117, p. 169-70 (4th ed. 1996); Instructions for Virginia and West Virginia, Vol. 2B, §26-133, p. 68 (4th ed. 1996); <u>Shires v. Boggess</u>, 77 S.E. 542, 545 (1913); <u>Cell, Inc. v. Ranson Investors</u>, 427 S.E.2d 447, 447 (W.Va.1992); <u>Smith v. Wright</u>, 151 S.E.2d 359, 362 (1966); <u>Pepsi-Cola v. Yeatts</u>, 151 S.E.2d 400, 403 (1966).

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF
WEST VIRGINIA
MARTINSBURG DIVISION**

**HOMELAND TRAINING CENTER, LLC,**

        **Plaintiff,**

**v.**                                                    **Civil Action No. 3:07-cv-160**
                                                    **Judge Bailey**

**SUMMIT POINT AUTOMOTIVE RESEARCH
CENTER, LLC and the WILLIAM SCOTT INTER
VIVOS TRUST**

        **Defendants/Third-Party Plaintiff,**

**v.**

**HOMELAND SECURITY CORPORATION,**

        **Third-Party Defendant.**

## CERTIFICATE OF SERVICE

I, the undersigned attorney, co-counsel for Defendants/Third-Party Plaintiffs Summit Point Automotive Research Center and the William Scot Inter Vivos Trust in the foregoing action, hereby certify that on this 6th day of October, 2010, I electronically filed the foregoing **DEFENDANTS/THIRD-PARTY PLAINTIFFS' JURY INSTRUCTIONS** with the Clerk for the Court using the CM/ECF system, which will send notification of such filing to the following:

J.H. Mahaney, Esq.
Huddleston Bolen, LLP
P.O. Box 2185
611 Third Ave.
Huntington, WV 25701

                        **s/ Wm. Richard McCune, Jr.**
                        Wm. Richard McCune, Jr.
                        Alex A. Tsiatsos
                        Peter L. Chakmakian

21