IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MARTINSBURG DIVISION

**HOMELAND TRAINING CENTER, LLC,**

      Plaintiff,

**v.**                                                                                        Civil Action No. 3:07-cv-160  
                                                                                 Judge Bailey

**SUMMIT POINT AUTOMOTIVE RESEARCH CENTER, LLC** individually and in its capacity as trustee of the **WILLIAM SCOTT INTER VIVOS TRUST**

      Defendants/Third-Party Plaintiff,

**v.**

**HOMELAND SECURITY CORPORATION,**

      Third-Party Defendant.

### DEFENDANT/THIRD-PARTY PLAINTIFF'S MOTIONS IN LIMINE

Pursuant to the Court's Scheduling Order, Defendant/Third-Party Plaintiff Summit Point Automotive Research Center, LLC, individually and in its capacity as trustee of the William Scott Inter Vivos Trust (hereinafter "SPARC"), by counsel, submits the following motions in limine.

**SPARC'S Motion in Limine #1 – Motion to Exclude Testimony of Anna Kovalkova**

SPARC moves to exclude the testimony of Plaintiff Homeland Training Center, LLC's ("HTC") purported damages expert, Anna Kovalkova. Ms. Kovalkova admittedly performed no relevant analysis, due diligence or other investigative work of her own. All of the assumptions underlying her purported valuations of HTC (two unsigned, unexplained spreadsheets) were given to her by HTC's majority owner, Mr. Doctor Crants, who told her what numbers to use and told her

how to manipulate those numbers to obtain larger damages estimate.  Therefore, and for the reasons stated in SPARC's detailed <u>Daubert</u> motion on this subject [doc. no. 275], SPARC asks this Honorable Court to exclude her testimony.

### SPARC'S Motion in Limine #2 – Motion to Exclude Opinion Testimony of Doctor R. Crants

Mr. Crants intends to testify concerning, among other things, likely income generated by Plaintiff's purported government customers.  However, he may not testify as an expert pursuant to Fed. R. Evid. 702 because he has not purported to qualify as an expert, he has not been designated as an expert and he has produced no Fed. R. Civ. P 26(a) expert report.  Nor may he testify as a lay opinion witness pursuant to Fed. R. Evid 701.  He intends to testify concerning hypothetical, lost income from unknown government contracting opportunities that HTC – a new company which had no history of income or profits, and which never bid on or obtained any government contract – might try to obtain.  Because no personal or first hand knowledge of such speculation is possible, no opinion testimony under Fed. R. Evid. 701 is permitted.  Accordingly, and for the reasons stated in SPARC's detailed <u>Daubert</u>/Rule 701 motion on this subject [doc. no. 286], SPARC asks this Honorable Court to preclude Crants's opinion testimony concerning HTC's likely income.

### SPARC's Motion in Limine #3 – Motion to exclude Plaintiff's Damages Claim

Plaintiff Homeland Training Center, LLC's ("HTC") multi-million dollar claim was prepared by an admitted non-expert, who did little more than input lost profit estimates provided by HTC's principal and majority owner, Doctor Crants ("Crants").  Crants estimates, in turn, are based upon multiple layers of inadmissible speculation which fails to state a damages claim to a reasonable degree of certainty under West Virginia law.  Moreover, HTC cannot prove causation – the only

relevant documents demonstrate that HTC's financing fell apart for reasons not having to do with its lease dispute with SPARC. Therefore, and for the reasons stated in SPARC's detailed motion on this subject [doc. no. 291, filed under seal 10/4/10], SPARC asks this Honorable Court to strike HTC's damages claim and to enter judgment for SPARC as a matter of law.

### SPARC's Motion in Limine #5 – Motion to exclude punitive damages

Although HTC asked for punitive damages in its Complaint, the only remaining count is Court – Breach of Contract. HTC was already granted relief pursuant to Court I (request for injunction) and HTC did not appeal this Court's dismissal of Count III (Misrepresentation and Concealment). [Doc. no. 114, p. 6]. Punitive damages are not available in a breach of contract action, <u>Wilt v. State Auto. Mut. Ins. Co.</u>, 506 S.E.2d 608, 610 (W.Va. 1998) ("Since punitive damages, as a rule, are not available in contract cases . . ."), and there is no other predicate count or other ground on which punitive damages are permissible.

### SPARC's Motion in Limine #6 – Motion to exclude reference to Fourth Circuit dicta

In this case, the Fourth Circuit made certain statements concerning HTC's financing efforts and the effect of the lease dispute on those efforts. At the time of the Fourth Circuit opinion, however, there had been no finding by this Court on the issues of financing and causation.[1] Not until SPARC's recent Motion for Summary Judgment was the issue ripe. As argued in SPARC's Motion [doc. no. 291, filed under seal], there is no genuine issue of material fact concerning causation – HTC's own witnesses have admitted that the lease dispute did not cause HTC's financing to fail. Therefore, SPARC asks the Court to exclude any reference to the Fourth Circuit's dicta on the issue.

---

[1] Indeed, at the time of the Fourth Circuit opinion, HTC had argued that the issue of causation was not ripe for the Fourth Circuit's decision. HTC's Fourth Circuit Reply Brief, 4th Cir. Doc. No. 26, p. 53.

*See e.g.* Pittston Co. v. United States, 199 F.3d 694, 703 (4th Cir.1999) (dicta are "statement[s] in a judicial opinion that could have been deleted without seriously impairing the analytical foundations of the holding-that, being peripheral, may not have received the full and careful consideration of the court that uttered it") (citation omitted). "Dicta are without precedential value." In re Mountain Laurel Resources Co., 258 B.R. 652, 657 (S.D.W.Va. 2001) (citations omitted).

### SPARC's Motion in Limine #7 – Motion to exclude new damages claim

SPARC also asks this Honorable Court to exclude the purported damages contained in HTC's September 21, 2010 disclosures. As argued in detail in SPARC's recently filed motion for Summary Judgment [doc. no. 291, filed under seal], these disclosures were filed 20 days past the discovery cut off period and after SPARC's expert reports were filed and purport to show over $722,000 in operation costs that HTC incurred related to the lease project. However, SPARC was given no supporting documents, and the alleged damages are almost four years old: they cover the time between October 27, 2006 and April 9, 2008 for which SPARC has repeatedly asked for a detailed accounting of precisely these alleged damages in discovery.

These costs should have been provided years ago when they were demanded in discovery, they should have been provided so that SPARC's experts should have evaluated them, and they should have been provided prior to the discovery cut off so that SPARC would have the opportunity to discover the alleged source of the alleged numbers. There is no excuse for HTC to wait until the eve of trial and ambush SPARC and this Court with an undocumented $722,000 damages claim that it has known about and refused to provide for years. *See e.g.* Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir.2003) (approving use of dismissal as sanction for "utter failure" of plaintiff to provide defendant with damages calculation until eve of trial); American Realty Trust, Inc. v.

4

Matisse Partners, L.L.C, 2002 WL 1489543, *5-6 (N.D.Tex,2002) (granting motion to exclude damages where plaintiffs knew of damages but did not disclose until after discovery deadline); CQ Inc. v. TXU Mining Company, 565 F.3d 268 (5th Cir.2009) (upholding exclusion of evidence in support of various damage calculations or theories not disclosed until shortly before trial); 24/7 Records v. Sony Music Entertainment, 566 F.Supp.2d 305, 318 (S.D.N.Y.2008) (excluding alleged damages evidence first disclosed in the joint pretrial order); Green Edge Enterprises, LLC v. Rubber Mulch Etc. LLC, 2009 WL 1383275 (E.D.Mo.2009) (party barred from introducing evidence on a damages theory that was disclosed less than three weeks before trial).

Moreover, as explained in SPARC's motion for summary judgment [doc. no 291], Crants has undermined the validity of HTC's last minute damages figure by claiming that he (not HTC) incurred these costs and by previously denying that HTC had and employees. Therefore, SPARC asks the Court to exclude HTC's last minute alleged out of pocket damages.

### SPARC's Motion in Limine # 8 – Motion to exclude valuation of the lease contrary to West Virginia law

West Virginia law holds that when a landlord breaches a lease, the tenant may recover the difference between the amount of rent paid under the lease and the value of the lease premises during the term of the lease. The tenant may not recover damages based on speculative future business to be conducted on the leased property. Syl. Pt. 4, Robrecht v. Marling, 2 S.E. 827 (W.Va. 1887) ("("In an action for damage for failure of the landlord to give possession of a property which has been leased, or from which he has ejected the tenant, where the gist of the action is being deprived of the benefit of the lease, whether the action is covenant or tort, the general rule is that the plaintiff is entitled, as the measure of his damages, to the difference between the rent reserved and the value of

the premises for the term. He may also recover such special damages as have directly and necessarily been occasioned by defendant's wrongful act or default, but cannot recover what he might have made on the premises during his lease, nor for loss sustained by selling his stock, agricultural implements, etc., for less than their value"). Therefore, to the extent that HTC attempts to place a different measure of value upon the lease in this case, HTC asks the Court to exclude such attempts and all testimony or argument in support of such attempts.

**SPARC's Motion in Limine #9 – Motion to exclude CSP Associates, Inc's 2006 assessment**

On September 10, 2010, over two months past its expert disclosure deadline, HTC filed a third supplemental expert disclosure naming CSP Associates, Inc. As argued in SPARC's Motion for Summary Judgment [doc no. 291], not only is the disclosure untimely, but it is irrelevant to the only remaining issue in this case – HTC's alleged damages. CSP assessed Homeland Security Corporation ("HSC") business prospects, not HTC's business prospects. HSC ceased to have any interest in the lease after its October, 2006 assignment to HTC, and HSC has never filed a complaint or other affirmative claim against SPARC in this case. See doc. no. 33. Moreover, CSP's assessment is not a business valuation or lost profit analysis, but the sort of hoped-for business plan that is too speculative to serve as a formal damages report. Therefore, SPARC asks this Honorable Court to exclude the CSP assessment from the trial of this matter.

**SPARC's Motion on Limine #10 – Motion to Exclude damages sought on behalf of non-parties**.

Depositions and discovery in this case suggest that HTC is seeking to augment its damages claim on the basis of damages allegedly suffered by Mr. Crants, personally, and by Homeland Security Facilities, LLC. However, neither Crants nor Homeland Security Facilities, LLC are parties

to this case. Therefore, SPARC asks the Court to exclude any reference to their entitlement to damages against SPARC. <u>Peters v. Johnson</u>, 41 S.E. 190, 191 (W.Va. 1902) ("Where the action is only for the breach of a contract, only the parties to it, or their privies, can maintain it"); <u>Muniz-Olivari v. Stiefel Laboratories, Inc.</u>, 2010 WL 891325, *3 (D.Puerto Rico,2010) ("Durán, as a nonparty to the contract, may not recover damages for pain and suffering resulting from the breach of contract"); <u>Cobble v. Value City Furniture</u>, 2006 WL 1687963, *2 (W.D.Ky.2006) ("Mrs. Cobble, however, is not a party to this action (she is not listed in the caption and she did not sign the complaint) and Plaintiff may not seek to recover compensatory damages on her behalf") (citation omitted).

**SPARC**, by counsel:

**s/ Wm. Richard McCune, Jr.**
Wm. Richard McCune, Jr. (WV Bar #2429)
Alex A. Tsiatsos (WV Bar #10543)
*Wm. Richard McCune, Jr. PLLC*
115 West King Street
Martinsburg, WV 25401
304-262-2500

Peter L. Chakmakian (WV Bar #687)
*Peter L. Chakmakian, L.C.*
108 North George Street
P.O. Box 547
Charles Town, WV 25414
304-725-9797

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG DIVISION**

**HOMELAND TRAINING CENTER, LLC,**

      **Plaintiff,**

v.                                                                                                          Civil Action No. 3:07-cv-160
                                                                                                        Judge Bailey

**SUMMIT POINT AUTOMOTIVE RESEARCH**
**CENTER, LLC individually and in its capacity as trustee**
**of the WILLIAM SCOTT INTER VIVOS TRUST**

      **Defendants/Third-Party Plaintiff,**

v.

**HOMELAND SECURITY CORPORATION,**

      **Third-Party Defendant.**

## CERTIFICATE OF SERVICE

     I, the undersigned attorney, co-counsel for Defendant/Third-Party Plaintiff Summit Point Automotive Research Center, individually and in its capacity as trustee of the William Scot Inter Vivos Trust in the foregoing action, hereby certify that on this 6th day of October, 2010, I electronically filed the foregoing **DEFENDANT/THIRD-PARTY PLAINTIFF'S MOTIONS IN LIMINE** with the Clerk for the Court using the CM/ECF system, which will send notification of such filing to the following:

J.H. Mahaney, Esq.<br>
Huddleston Bolen, LLP<br>
P.O. Box 2185<br>
611 Third Ave.<br>
Huntington, WV 25701

                                                        **s/ Wm. Richard McCune, Jr.**
                                                        Wm. Richard McCune, Jr.
                                                        Alex A. Tsiatsos
                                                        Peter L. Chakmakian