IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT MARTINSBURG

HOMELAND TRAINING CENTER, LLC,
A Tennessee Limited Liability Company,

        Plaintiff,

v.                                        CIVIL ACTION NO:       3:07-cv-160

SUMMIT POINT AUTOMOTIVE RESEARCH
CENTER, a West Virginia Limited Liability
Company, individually and in its capacity as
Trustee of the William Scott Inter Vivos Trust,
and the WILLIAM SCOTT INTER VIVOS
TRUST,

        Defendants/Third-Party Plaintiffs,

v.

HOMELAND SECURITY CORPORATION,

        Third-Party Defendant.

### PLAINTIFF HOMELAND TRAINING CENTER, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO PERMIT IT TO SUPPLEMENT ITS RULE 26(a)(3) EXHIBITS DISCLOSURE LIST (MOTION NO. 2)

The Plaintiff, Homeland Training Center, LLC ("HTC") submits this Memorandum of Law in support of its Motion pursuant to Rule 16 of the Federal Rules of Civil Procedure and Rule 16 of the Local Rules of Civil Procedure to allow it to supplement its Rule 26(a)(3) exhibits disclosure list. As discussed more fully below, fundamental fairness requires that HTC be permitted to supplement its exhibit disclosure list as necessary to include exhibits related to the testimony of SPARC/Trust's presently undeposed expert and fact witnesses.

On September 15, 2010, SPARC/Trust disclosed reports and information for twelve (12) expert witnesses in this case covering a variety of topics including accounting, government

1

contracts, hotel operations and finance. SPARC/Trust also simultaneously disclosed four (4) new fact witnesses. HTC's initial expert disclosures were limited to experts who valued HTC's business based on a discounted cash flow analysis, those who performed the due diligence that formed the basis for the discounted cash flow analysis and an expert from whom it sought financing. Because HTC should be given the same opportunity to prepare and introduce at trial exhibits that relate to the testimony offered by the opposing parties' experts and fact witnesses that SPARC/Trust was given, good cause exists for allowing HTC to supplement its Rule 26(a)(3) exhibit disclosure list to include exhibits related to the upcoming depositions of SPARC/Trust's presently undeposed expert and fact witnesses.

I.      **SUMMARY OF RELEVANT FACTS**

1.      Under the terms of this Court's Original Scheduling Order entered on February 22, 2010, SPARC/Trust had until July 1, 2010 to provide its expert disclosures and reports. *See* Scheduling Order.

2.      Counsel for SPARC/Trust requested to depose several HTC fact and expert witnesses in a very specific order and with a large amount of time in-between depositions so that his experts could review material and so that he could properly prepare for the depositions. HTC made every effort to accommodate the request of SPARC/Trust's counsel regarding the deposition dates. Based upon the agreement of the parties, HTC's expert Anna Kovalkova who prepared its discounted cash flow analysis was deposed in Nashville, Tennessee on July 8, 2010, Pat McCoy (its fact/expert witness who was responsible for obtaining financing for the project and for performing due diligence on the hotel operations numbers for the cash flow analysis) was deposed on August 8, 2010 in Oklahoma City, Oklahoma, Doc Crants (HTC's principal and fact/expert witness responsible for government contracts, training operations and performing due

diligence on hotel and training center operations for the cash flow analysis) was deposed on August 20 and 21, 2010, Bruce Holmes (HTC's hotel expert/fact witness who performed due diligence with respect to the operating expenses for the hotel operation) was deposed on August 23, 2010 in Oklahoma City, Doug Morris (president of Stillwater National Bank from which HTC sought financing) was deposed in Oklahoma City on August 24, 2010, and Jay Goldman (HTC's real estate appraisal expert) was deposed on September 9, 2010. SPARC/Trust was able to introduce exhibits at each expert and/or fact witness deposition, and to discover information contained within the experts' files at those depositions.

3.  In furtherance of their deposition and trial preparation methodology, SPARC/Trust requested that they be permitted to disclose their expert witness reports on September 15, 2010 so that SPARC/Trust's experts could review HTC's expert deposition transcripts prior to issuing their own Reports. HTC's counsel agreed, based upon the understanding that SPASRC/Trust would have only "three or four" experts and that SPASRC/Trust would provide deposition dates for these experts so that discovery could be completed in a timely manner.

4.  The parties agreed to SPARC/Trust disclosing the identity of its expert witnesses on September 1, 2010, with any formal Reports being provided on or before September 15, 2010. On August 23, 2010, this Court entered an Order permitting SPARC/Trust to name its experts on September 1, and provide its expert reports on September 15, 2010. *See* Order dated August 23, 2010.

5.  Since September 1, 2010, counsel for HTC has been diligently attempting to secure potential deposition dates from SPARC/Trust for these twelve (12) experts. *See* Copies of Correspondence to counsel for SPARC/Trust, *attached to* HTC's Motion *as **Exhibit A**.* After the

3

September 1, 2010 disclosures and after numinous requests, SPARC/Trust did not provide any deposition dates for its experts until September 16, 2010- just two (2) weeks before the close of discovery. That date was for one (1) expert to be deposed in mid October, during the week after the Motion *in Limine* deadline in this case. *See* E-mail Correspondence from SPARC/Trust's counsel, *attached to* HTC's Motion *as **Exhibit B.***

6. Prior to the parties' agreement to jointly seek a brief continuance of the trial of this case given the amount of work yet to be accomplished, SPARC/Trust had provided potential deposition dates for only nine (9) of the twelve (12) experts listed by SPARC/Trust. Further, a good portion of the dates provided by SPARC/Trust were after the close of discovery in this matter and after the October 6, 2010 deadline for Rule 26(a)(3) disclosures. *See* Chart Summarizing Potential Deposition Dates and Supporting E-Mails from Counsel for SPARC/Trust, *attached to* HTC's Motion *as **Exhibit C.***

7. The parties are attempting to schedule deposition dates of all of SPARC/Trust's experts and fact witnesses. On September 30, 2010, HTC took the deposition of SPARC/Trust's real estate appraisal expert, John Pekar, and on October 1, 2010 took the deposition of one of its hotel operations experts, Terry Marcus. The parties are attempting to schedule additional depositions of SPARC/Trust's experts during the weeks of October 11, 2010 and October 18, 2010, however HTC does not yet have finalized dates for the majority of the experts and does not believe that all depositions will be complete by the time of the October 26, 2010 status conference.

8. HTC requests only that it be given the same opportunity that SPARC/Trust has had with regard to exhibits. SPARC/Trust has had the opportunity to review HTC's expert reports and their files, and to prepare and introduce exhibits at expert and fact witness

depositions. Pursuant to the terms of this Court's Scheduling Order and Rule 16.01(f) of the Local Rules of Civil Procedure, the party seeking to alter the dates and requirements of a scheduling order must show good cause to do so. *See* Scheduling Order at p. 7. "Good cause" for modification of a Scheduling Order under FRCP16 has been defined by one Federal Court in West Virginia as follows: "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." Marcum v. Zimmer, 163 F.R.D. 250, 254 (S.D. W. Va. 1995) (internal citations omitted).

9.      In this case, despite its best efforts, HTC has had no opportunity to identify and review all the files of SPARC/Trust's experts and accordingly introduce additional exhibits before the Rule 26(a)(3) disclosure deadline because many of the depositions of SPARC/Trust's expert and fact witnesses have not yet occurred. Given SPARC/Trust's chosen method of sequencing discovery, HTC could not prepare, disclose, and offer certain exhibits, as it had no idea what opinions the experts would hold (or what documents or evidence are in those experts' files). Although HTC has been working to analyze SPARC/Trust's expert opinions, given the scheduling issues involved, and its inability to depose ten (10) of the twelve (12) disclosed experts, including its four (4) primary retained experts, it has not been able to discover all of the documents utilized by SPARC/Trust's experts. However, there is no question that HTC should be given the same opportunity that SPARC was given – the opportunity to fully develop the opposing parties' testimony, and to prepare and introduce exhibits at expert and fact witness depositions. Without the opportunity to do so, SPARC/Trust will be able to illustrate for the jury at trial its opinion that "HTC's experts are wrong, and here is why we think that......." while HTC will have neither the ability nor the opportunity to do the same. That, of course, would be

fundamentally unfair.

**WHEREFORE**, for the foregoing reasons, HTC respectfully requests that it be granted the ability to supplement its Rule 26(a)(3) exhibit disclosure list as necessary to include exhibits related to the testimony from SPARC/Trust's presently undeposed expert and fact witnesses.

                        **HOMELAND TRAINING CENTER, LLC,**

                By      /s/ J.H. Mahaney
                              Of Counsel

J.H. Mahaney, Esquire
(West Virginia Bar Number 6993)
J. Jarrod Jordan, Esquire
(West Virginia Bar Number 10622)
**HUDDLESTON BOLEN, LLP**
Post Office Box 2185
611 Third Avenue
Huntington, West Virginia 25701
(304) 529-6181
jmahaney@huddlestonbolen.com
**Counsel for Plaintiff,**
**HOMELAND TRAINING CENTER, LLC**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT MARTINSBURG

HOMELAND TRAINING CENTER, LLC,
A Tennessee Limited Liability Company,

        Plaintiff,

v.                             CIVIL ACTION NO:   3:07-cv-160

SUMMIT POINT AUTOMOTIVE RESEARCH
CENTER, a West Virginia Limited Liability
Company, individually and in its capacity as
Trustee of the William Scott Inter Vivos Trust,
and the WILLIAM SCOTT INTER VIVOS
TRUST,

        Defendants/Third-party Plaintiffs,

v.

HOMELAND SECURITY CORPORATION,

        Third-party Defendant.

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that he served the foregoing *"Plaintiff Homeland Training Center, LLC's Memorandum of Law in Support of Its Motion to Permit it to Supplement Its Rule 26(a)(3) Exhibits Disclosure List (Motion No. 2)"* by electronic filing using the CM/ECF System, and by mailing a complete copy to all counsel of record, postage prepaid, in the regular course of the United States Mail, on the 6th day of October 2010 to:

{H0615980.1}2

Peter L. Chakmakian  
108 North George St.  
Charles Town, WV 25414

Wm. Richard McCune, Jr.  
115 West King St.  
Martinsburg, WV 25401

/s/ J.H. Mahaney