IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF
WEST VIRGINIA, MARTINSBURG DIVISION

**HOMELAND TRAINING CENTER, LLC,**

            *Plaintiff*,

v.

**SUMMIT POINT AUTOMOTIVE
RESEARCH CENTER, LLC,**

            *Defendant*,

**HOMELAND SECURITY COMPANY**,

            *Third-Party Defendant*.

Civil Action No. 3:07-cv-160
Judge Bailey

## SPARC'S OBJECTIONS TO PLAINTIFF'S RULE 26(a)(3) PRE-TRIAL DISCLOSURES

Defendant/Third-Party Plaintiff Summit Point Automotive Research Center, LLC and the William Scott Inter Vivos Trust ("SPARC") objects to following pre-trial disclosures made by Plaintiff Homeland Training Center, LLC's ("HTC") [doc. no. 309].

**I.  Objections to HTC's proposed witnesses**

SPARC objects to Anna Kovalkova and Doctor Crants as witnesses for the reasons stated in SPARC's Daubert Motions with respect to those witnesses.  Doc. nos. 275 & 286.  SPARC also objects to Jay Goldman whose testimony concerned a portion of HTC's claim which has been withdrawn (value of the leasehold) and whose testimony is now moot.  To the extent that HTC intends to call any of the following persons as experts, SPARC objects to their testimony because they were required to but did not produce an expert report: Bruce Holmes, Pat McCoy, Doug Morris, Jay Wynn, and Joe Johnson, and to the extent that the intend to testify as lay opinion witnesses, as experts or otherwise to future damages, their testimony is inadmissible as unreliable speculation. Fed. R. Evid. 702; Daubert.  Moreover, Mr. Wynn was disclosed well after HTC's disclosure

1

deadline (actually, Mr. Wynn was not disclosed even then – HTC merely suggested that one of the employees of CSP Associates would testify) and SPARC has not had the opportunity to depose him.

**II.     Objections to HTC's proposed exhibits**

1. SPARC objects to HTC's intended use of the Complaint (HTC's Exhibit # 1) which contains argument of counsel and is therefore not relevant or probative under Fed. R. Evid 401, 402 and 403.

2. SPARC objects to the use of the Fourth Circuit opinion (#3) which contains dicta not relevant as evidence. To the extent that the opinion contains matters of law, those matters are for the Court to instruct the jury.

3. To the extent that HTC seeks to use the CSP material (## 15-18) and Flintco material (## 35, 37-48) as alleged evidence of damages, SPARC objects on the grounds of relevance. CSP did not perform work relevant to the Plaintiff's claims in this case. Its assessment was performed for another company (J. H. Whitney) about another company (Homeland Security Corporation) and therefore is not relevant pursuant to Fed. R. Evid. Rules 402 and 403 and is insufficient, if intended as expert disclosures, under Fed. R. Evid. 702 and Fed. R. Civ. P. 26. For the same reason, the Flintco and other documents concerning Homeland Security Facilities, LLC ("HSF") are inadmissible because HSF is not a party to this action and never contracted with SPARC. Moreover, the CSP, Flintco and other documents are inadmissible hearsay, lack proper foundation and are unreliable and irrelevant. Fed. R. Evid. 403, 701, 702, 801, 802 and 901.

4. SPARC objects to the consulting agreement listed by HTC (#21) to the extent that HTC

        intends to use that document as proof of damages. The consulting agreement was between Mr. Crants and HSC and HSC neither of whom have filed a claim against SPARC.

5. SPARC objects to the use of Doctor Crants's April 11, 2007 e-mail, HTC's pro forma operating budgets, cash flow estimates, hotel operating budgets, presentations, cash flow and other projections, business valuations, overviews and all versions thereof, (including but not limited to HTC's documents listed as numbers 49-75, 102, 122-123) to the extent that HTC intends to use such documents as the basis for damages because they constitute hearsay, they lack foundation and are too speculative under West Virginia law to serve as the basis for damages. Fed. R. Evid. 403, 701, 702, 801, 802 and 901. Moreover, SPARC objects to the use of any document related HTC's alleged lost profits and future damages. There is no causal or other foundation for such a claim and HTC's allegation of lost profits, under the circumstances of this case (as described more fully in SPARC's briefs to the Court) is inadmissible and speculative.

6. SPARC objects to any document related to or intending to support HTC's late disclosed claim concerning alleged $722,000 in out of pocket costs. Such documents are untimely, they lack foundation, they are unduly prejudicial, they constitute trial by ambush, they are irrelevant and their legitimacy has been undermined by HTC.

7. SPARC objects to any document which SPARC was never provided. Given the generality of some of HTC's descriptions, it is unclear sometimes to which documents HTC is referring.

8. SPARC objects to the introduction of any material which HTC intends to introduce as expert reports or expert testimony. HTC has not complied with the requirements of Fed. R. Civ. P.

      26 and any expert testimony concerning future damages is unreliable, lacks foundation and based on hearsay and inadmissible speculation. Fed. R. Evid. 403, 701, 702, 801, 802 and 901.

9. In addition to the objections listed herein, SPARC reserves the right to object to any document that HTC seeks to introduce at the trial of this matter on any ground permitted by the Rules of Evidence and other applicable law.

                                               **SPARC**, by counsel

**s/Wm. Richard McCune, Jr.**
Wm. Richard McCune, Jr. (WV Bar #2429)      Peter L. Chakmakian (WV Bar #687)
Alex A. Tsiatsos (WV Bar #10543)            *Peter L. Chakmakian, L.C.*
*Wm. Richard McCune, Jr. PLLC*             108 North George Street
115 West King Street                           P.O. Box 547
Martinsburg, WV 25401                       Charles Town, WV 25414
304-262-2500                                    304-725-9797

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA, MARTINSBURG DIVISION

HOMELAND TRAINING CENTER, LLC,

       *Plaintiff,*

v.                                                                Civil Action No. 3:07-cv-160
                                                                                Judge Bailey

SUMMIT POINT AUTOMOTIVE RESEARCH
CENTER, LLC,

       *Defendants, et al.*

## CERTIFICATE OF SERVICE

      I, the undersigned attorney, counsel for Defendants Summit Point Automotive Research Center, individually and in its capacity as trustee of the William Scot Inter Vivos Trust in the foregoing action, hereby certify that on this 20th day of October 2010, I served a true and accurate copy of the foregoing **SPARC's Objections to Plaintiff's Rule 26(a)(3) Pretrial Disclosures** by filing the same with the Clerk using the CM/ECF system which will send notice to:

                J.H. Mahaney, Esq.
                Huddleston Bolen, LLP
                P.O. Box 2185
                611 Third Ave.
                Huntington, WV 25701


**s/ Wm. Richard McCune, Jr.**
Wm. Richard McCune, Jr. (WV Bar #2429)
Alex A. Tsiatsos (WV Bar #10543)
Peter L. Chakmakian (WV Bar #687)