# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## MARTINSBURG DIVISION

**HOMELAND TRAINING CENTER, LLC,**

      *Plaintiff,*

v.

**SUMMIT POINT AUTOMOTIVE RESEARCH CENTER, LLC,**

      *Defendants et al.*

Civil Action No. 3:07-cv-160
Judge Bailey

## DEFENDANTS' MOTION TO SUPPLEMENT PRE-TRIAL DISCLOSURES

COME NOW Defendants/Third-Party Plaintiffs Summit Point Automotive Research Center, LLC and the William Scott Inter Vivos Trust ("SPARC"), and ask leave of the Court to supplement their witness list with the names of two additional witnesses, those witnesses being Phillip R. Stewart and Allen Shay. Mr. Shay was an owner of Pacific Architects and Engineers, Inc. (PAE). Mr. Stewart is the former program manager of the PAE-HSC Joint Venture Civilian Police contract.

The Plaintiff has alleged that a part of its cash flow stream upon which it based its purported discounted cash flow analysis was income that it would receive from bringing the PAE-HSC Joint Venture students to the Homeland Security Facilities proposed training campus at Summit Point. Throughout discovery in this matter, no documentation was produced substantiating the allegation that the Plaintiff had the capacity to bring students who were a part of this contract to Summit Point.

On October 13, 2010, the deposition of Joseph F. Johnson, Jr., a 30% owner of the Plaintiff, was taken. At that deposition, for the first time, Mr. Johnson provided sworn testimony indicating that he made the decisions controlling where the PAE-HSC students trained. After receiving that

1

information and reviewing the deposition which was obtained by counsel for the Defendants, counsel contacted Phillip R. Stewart, the former program manager for the PAE-HSC Joint Venture. Mr. Stewart responded to Mr. Johnson's contentions after reviewing the deposition. An affidavit from Mr. Stewart is attached **(Exhibit A)**. In that affidavit, Mr. Stewart indicates that any contention that anyone, other than he and Allen Shay, had authority to make decisions concerning the selection of facilities was an "absolute fabrication". Mr. Stewart's testimony is necessary to rebut the testimony provided by Mr. Johnson. Mr. Stewart has advised that Allen Shay will confirm the testimony of Mr. Stewart.

Since the PAE-HSC Joint Venture is one of the three principal cash streams from which HTC, through its purported expert, Doctor Robert Crants, alleges that it "anticipated" obtaining income, and since Mr. Johnson has now sworn that he controlled the location of that contract and that that contract would have provided an "anchor tenant" for the HTC project, the testimony of Mr. Stewart and of Mr. Shay is important to provide the jury with an understanding of the truth of these contentions. Defendants respectfully request, accordingly, that Phillip R. Stewart and Allen Shay be allowed to testify, and further request permission to supplement their exhibits with the affidavit of Phillip R. Stewart.

Defendants further note that part of the cash stream which Doctor Robert Crants purports to claim for the HSF facility, and therefore which Doctor Robert Crants claims would have provided income for HTC, was the ability to attract Department of State diplomatic security personnel training at the Summit Point training campus to the HSF-HTC facility as overnight lodgers. Defendants accordingly respectfully request that they be allowed to supplement their exhibits with a letter from the United States General Services Administration, dated September 20, 2010, which is attached to

this Motion **(Exhibit B)**, advising that the State Department is in the process of selecting a site for a permanent United States Department of State Foreign Affairs security training center, and that Summit Point is not among the properties being considered. Again, this exhibit is necessary to substantiate the speculative nature of the government contracts business and the lack of foundation in any substance for the anticipatory contracts about which the purported expert, Doctor Robert Crants, has testified. For the purposes of providing additional information to the Court, the Defendants further supplement the record by the deposition of Joseph F. Johnson, Jr., attached hereto **(Exhibit C)** without exhibits which will be provided separately, taken Wednesday, October 13, 2010, in Fairfax, Virginia, in which Mr. Johnson makes the allegations which, according to the interpretation of this attorney, Mr. Stewart alleges are an "absolute fabrication".

**SPARC, by counsel:**

**s/ Wm. Richard McCune, Jr.**
Wm. Richard McCune, Jr. (WV Bar #2429)
Alex A. Tsiatsos (WV Bar #10543)
*Wm. Richard McCune, Jr. PLLC*
115 West King Street
Martinsburg, WV 25401
304-262-2500

Peter L. Chakmakian (WV Bar #687)
*Peter L. Chakmakian, L.C.*
108 North George Street
P.O. Box 547
Charles Town, WV 25414
304-725-9797

3

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG DIVISION

HOMELAND TRAINING CENTER, LLC,

        Plaintiff,

v.

SUMMIT POINT AUTOMOTIVE RESEARCH CENTER, LLC et al.

        Defendants.

Civil Action No. 3:07-cv-160
Judge Bailey

### CERTIFICATE OF SERVICE

I, the undersigned attorney, counsel for Defendants Summit Point Automotive Research Center, individually and in its capacity as trustee of the William Scot Inter Vivos Trust in the foregoing action, hereby certify that on this 21st day of October, 2010, I served a true and accurate copy of the foregoing **Defendants' Motion to Supplement Pre-Trial Disclosures** by filing the same with the Clerk and by sending the same by e-mail and U.S. Mail postage pre-paid to the following:

J.H. Mahaney, Esq.
Huddleston Bolen, LLP
P.O. Box 2185
611 Third Ave.
Huntington, WV 25701

**s/ Wm. Richard McCune, Jr.**
Wm. Richard McCune, Jr. (WV Bar #2429)
Alex A. Tsiatsos (WV Bar #10543)

4