IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT MARTINSBURG

HOMELAND TRAINING CENTER, LLC,
A Tennessee Limited Liability Company,

    Plaintiff,

v.           CIVIL ACTION NO:  3:07-cv-160

SUMMIT POINT AUTOMOTIVE RESEARCH
CENTER, a West Virginia Limited Liability
Company, individually and in its capacity as
Trustee of the William Scott Inter Vivos Trust,
and the WILLIAM SCOTT INTER VIVOS
TRUST,

    Defendants/Third-Party Plaintiffs,

v.

HOMELAND SECURITY CORPORATION,

    Third-Party Defendant.

## PLAINTIFF, HOMELAND TRAINING CENTER, LLC'S REPLY IN SUPPORT OF MOTION IN LIMINE TO SUPPLEMENT ITS PRE-TRIAL DISCLOSURES

  Plaintiff, Homeland Training Center, LLC ("HTC"), hereby submits its Reply Brief in support of its Motion filed to Permit it to Supplement its Rule 26(a)(3) Exhibits Disclosure List [Doc. 307].

  On October 20, 2010, Defendants Summit Point Automotive Research Center and William Scott *Inter Vivos* Trust ("SPARC/Trust") filed a response [Doc. 333] to HTC's Motion. SPARC/Trust's lone objection to the Motion was "the introduction of any documents that HTC should have disclosed earlier." Response Brief, p. 5. Specifically, SPARC/Trust objected to any

documents relating to HTC's claim for damages. Id.[1] In support of its objection, SPARC/Trust referred the Court to its Motion for Summary Judgment [under seal] and cited a case that stands for the proposition that "dismissal as a sanction for 'utter failure' of plaintiff to provide defendant with damages calculation until eve of trial" is proper. Id. (*citing* Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003)).

SPARC/Trust's wishes are without merit, however. The facts of Ware and this case are vastly different. Ware involved a situation where the plaintiff waited until seven (7) days before trial – *and one year after the discovery deadline* – to disclose its damages calculation. 322 F.3d at 221. As discussed previously, supplemental information relating to HTC's out of pocket expenses was disclosed *before* the end of the discovery deadline and nearly two months before trial. Further, HTC compiled additional data in support of these claims and provided this information to SPARC/Trust as well. This data was retrieved by a third-party using a time-consuming document retrieval process and this information was provided to SPARC/Trust as soon as it was available.

To date, only five of SPARC's twelve recently experts have been deposed. Because the witnesses were not disclosed until September 1, 2010, and the Rule 26(a)(3) disclosures were due on October 6, 2010, HTC, for the reasons stated herein and in HTC's original Motion, asks this Court to grant its Motion so to preserve its ability to supplement its pre-trial disclosures to "include exhibits related to the testimony from SPARC/Trust's presently undeposed expert and fact witnesses." Motion, at 5.

---

[1] In light of this Court's Order of Status Conference dated October 27, 2010, this Reply will only deal with evidence related to HTC's out of pocket expense claim.

HOMELAND TRAINING CENTER, LLC,

By     /s/ J.H. Mahaney  
           Of Counsel

J.H. Mahaney, Esquire  
(West Virginia Bar Number 6993)  
J. Jarrod Jordan, Esquire  
(West Virginia Bar Number 10622)  
**HUDDLESTON BOLEN, LLP**  
Post Office Box 2185  
611 Third Avenue  
Huntington, West Virginia 25701  
(304) 529-6181  
jmahaney@huddlestonbolen.com  
**Counsel for Plaintiff,**  
**HOMELAND TRAINING CENTER, LLC**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT MARTINSBURG

HOMELAND TRAINING CENTER, LLC,
A Tennessee Limited Liability Company,

       Plaintiff,

CIVIL ACTION NO: 3:07-cv-160

SUMMIT POINT AUTOMOTIVE RESEARCH
CENTER, a West Virginia Limited Liability
Company, individually and in its capacity as
Trustee of the William Scott Inter Vivos Trust,
and the WILLIAM SCOTT INTER VIVOS
TRUST,

       Defendants/Third-Party Plaintiffs,

v.

HOMELAND SECURITY CORPORATION,

       Third-Party Defendant.

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that he served the foregoing *"Plaintiff, Homeland Training Center, LLC's Reply in Support of Motion in Limine to Supplement its Pre-trial Disclosures"*, by electronic filing using the CM/ECF System on the 27th day of October 2010 to:

    Peter L. Chakmakian     Wm. Richard McCune, Jr.
    108 North George St.      115 West King St.
    Charles Town, WV 25414   Martinsburg, WV 25401

                                      /s/ J.H. Mahaney