IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT MARTINSBURG

HOMELAND TRAINING CENTER, LLC,
A Tennessee Limited Liability Company,

        Plaintiff,

v.                        CIVIL ACTION NO:    3:07-cv-160

SUMMIT POINT AUTOMOTIVE RESEARCH
CENTER, a West Virginia Limited Liability
Company, individually and in its capacity as
Trustee of the William Scott Inter Vivos Trust,
and the WILLIAM SCOTT INTER VIVOS
TRUST,

        Defendants/Third-Party Plaintiffs,

v.

HOMELAND SECURITY CORPORATION,

        Third-Party Defendant.

### PLAINTIFF, HOMELAND TRAINING CENTER, LLC'S REPLY IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE WITNESSES

    Plaintiff, Homeland Training Center, LLC ("HTC"), hereby submits its Reply Brief in support of the Motion in Limine it filed to Exclude Defendants' Witnesses Disclosed on September 1, 2010 [Doc. 305].

    On October 20, 2010, Defendants Summit Point Automotive Research Center and William Scott *Inter Vivos* Trust ("SPARC/Trust") filed a response [Doc. 333] to HTC's Motion. SPARC/Trust objected on grounds that, *inter alia*, (a) the Motion was moot, and (b) HTC has known about the fact witnesses. HTC will address these below:

1.  **Any SPARC/Trust expert witness who intends to testify to issues other than HTC's lost profits claim should be excluded if not deposed before the pre-trial conference**

As stated in this Court's Order of Status Conference dated October 27, 2010, a large portion of SPARC/Trust's recently disclosed expert witnesses will not likely be necessary at trial. However, if any of the remaining experts that have yet to be deposed intend to offer testimony related to issues other than HTC's lost profits claim, HTC still seeks to have them excluded on the grounds raised in its original Motion.

As of the date of this filing, only five of the twelve recently disclosed SPARC/Trust expert witnesses have been deposed (Pete McDonald, John Pekar, Calvin Frye, Gary Kehoe, and Terry Marcus). That leaves six expert witnesses left to be deposed before the pre-trial conference, as well as four fact witnesses.[1]

As this Court is well aware, SPARC/Trust disclosed twelve experts on September 1, 2010, and filed reports for a few on September 15, 2010. Since that date, HTC and SPARC/Trust participated in extensive scheduling discussions and travel planning. While HTC has made efforts to depose the experts, fitting them all in before the November 3, 2010 pre-trial conference is simply not possible. Since September 30, 2010, seven depositions have been taken in this case in various cities – Boston, Mass., Phoenix, Ariz., Fairfax, Va., Richmond, Va., Charles Town, W.Va., and Martinsburg, W.Va.[2] Mediation, a status conference, and time to devote to pre-trial disclosures and motion practice has been mixed in that period as well.

Because there is simply not enough time to depose all of SPARC/Trust's expert witnesses, HTC asks this Court to exclude any SPARC/Trust expert who has not been deposed

---

[1] HTC will not be taking the deposition of SPARC/Trust's expert Lanny Bernier.

[2] The closest deposition locations – Charles Town, W.Va. and Martinsburg, W.Va. – are roughly six hours away from the office of HTC's counsel. Therefore, scheduling for travel days was necessary.

by November 3, 2010 to the extent they will testify to issues other than HTC's claim for lost profits.

### 2. SPARC/Trust's Fact Witnesses Lee Chewey and Maria Orsini were untimely disclosed

By SPARC/Trust's own admission by omission, Lee Chewey was never disclosed as a fact witness it intended to call at trial until its pre-trial disclosures. Additionally, Maria Orsini was not disclosed by SPARC/Trust as a fact witness it intended to call at trial until its pre-trial disclosures. Due to the untimely disclosures and the fact that HTC will not have an opportunity to take the depositions of these two individuals before the November 3, 2010 pre-trial conference, this Court should exclude them from testifying at trial as well.

### 3. John Pekar's rebuttal testimony is unnecessary.

As stated in this Court's Order of Status Conference dated October 27, 2010, the testimony of Mr. Peker will not be presented at trial and any Motion related to the exclusion of his testimony has been denied as moot.

### 4. Conclusion

For the reasons set forth herein and in HTC's original Motion, HTC moves this Court to exclude from the trial of this matter those experts or fact witnesses disclosed by SPARC/Trust on September 1, 2010 that HTC cannot depose prior to the November 3, 2010 Pre-Trial Conference.

**HOMELAND TRAINING CENTER, LLC,**

By _____/s/ J.H. Mahaney_____.
Of Counsel

J.H. Mahaney, Esquire
(West Virginia Bar Number 6993)
J. Jarrod Jordan, Esquire
(West Virginia Bar Number 10622)
**HUDDLESTON BOLEN, LLP**
Post Office Box 2185
611 Third Avenue
Huntington, West Virginia 25701
(304) 529-6181
jmahaney@huddlestonbolen.com
**Counsel for Plaintiff,
HOMELAND TRAINING CENTER, LLC**

{H0619881.1}                                4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT MARTINSBURG

HOMELAND TRAINING CENTER, LLC,
A Tennessee Limited Liability Company,

        Plaintiff,

CIVIL ACTION NO: 3:07-cv-160

SUMMIT POINT AUTOMOTIVE RESEARCH
CENTER, a West Virginia Limited Liability
Company, individually and in its capacity as
Trustee of the William Scott Inter Vivos Trust,
and the WILLIAM SCOTT INTER VIVOS
TRUST,

        Defendants/Third-Party Plaintiffs,

v.

HOMELAND SECURITY CORPORATION,

        Third-Party Defendant.

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that he served the foregoing *"Plaintiff, Homeland Training Center, LLC's Reply in Support of Motion in Limine to Exclude Witnesses"*, by electronic filing using the CM/ECF System on the 27th day of October 2010 to:

| | |
|---|---|
| Peter L. Chakmakian | Wm. Richard McCune, Jr. |
| 108 North George St. | 115 West King St. |
| Charles Town, WV 25414 | Martinsburg, WV 25401 |

                                    /s/ J.H. Mahaney